## OKLAHOMA FURNITURE MFG. CO. et al. v. NOLEN et al.

No. 24338. Opinion Filed May 9, 1933.

Rehearing Denied July 5, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

G. G. McBride and Jeffrey & Fry, for respondent Clyde Nolen.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, V. C. J. This is an original proceeding in this court by the Oklahoma Furniture Manufacturing Company, and its insurance carrier, the Consolidated Underwriters, petitioners herein, to review an order and award of the State Industrial Commission made and entered on the 23rd day of November, 1932, in favor of Clyde Nolen, claimant.

The record discloses that the claimant received an injury to his left thumb on September 10, 1931, while employed by the Oklahoma Furniture Manufacturing Company. His employer sent him to Dr. T. A. Buchanan for medical treatment. Claimant continued on the job at regular wages, losing no time from work by reason of the injury, but continued to receive medical treatment furnished by the employer and insurance carrier until October 14, 1931. No compensation was paid claimant, and he did not file a written claim for compensation until October 7, 1932. The claim was not filed within one year from the date of the injury, but was filed within one year from the last medical treatment furnished by the employer and insurance carrier. Hearings were had before the Commission November 4 and 9, 1932, and on November 23, 1932, the Commission found the foregoing facts to be true; that claimant had sustained a 25 per cent. permanent partial disability to his left thumb, and awarded him 15 weeks' compensation, at $9.81 per week, to be paid in the lump sum of $147.15.

Petitioners contend that the Commission had no jurisdiction of said alleged claim, for the reason that claim for compensation was not filed within one year after the date of the injury.

Section 7301, C. O. S. 1921 (13367. O. S. 1931), reads as follows:

"The right to claim compensation under this act shall be forever barred, unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission."

This court has held that the foregoing section of the statute is a limitation upon the remedy and not upon the right. Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103; Pickering Lbr. Co. v. Tincup, 132 Okla. 241, 269 P. 262; Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963. Under such a construction of the statutory provision, supra, the requirement may be waived by the employer and insurance carrier. Atlas Coal Co. v. Corrigan, supra; Johnson v. Miller, 161 Okla. 31, 16 P. (2d) 1083.

In the Johnson Case, supra, this court held:

"An employer and insurance carrier may waive the requirements of section 7301, C. O. S. 1921, that a claim for compensation under the Workmen's Compensation Act be filed with the Commission within one year after the injury."

In the Atlas Coal Co. Case, supra, it was held:

"The furnishing by an employer to an employee of medical attention and hospitalization, and the payment to him during the continuance of a disability of sums equivalent to the amount of compensation to which he would be entitled under the provisions of the Workmen's Compensation Act, are, in the absence of evidence clearly showing a contrary intent, a waiver of the requirements of section 7301, C. O. S. 1921, that a claim for compensation shall be filed with the State Industrial Commission within one year, and the filing of such a claim after the expiration of one year and within one year after notice that payments will no longer be made for said injury, is within time."

We observe that this court held in the Atlas Case, supra, that the act of paying compensation and furnishing medical attention and hospitalization to claimant may waive the requirements of section 7301, supra. The holding that payment of compensation amounts to a waiver of the one-year statute is bottomed on the fact that such an act recognizes liability, and is inconsistent with a denial of liability. It amounts to the employer saying to the employee that liability is recognized and will be discharged without the technical requirement that a written claim be filed within the statutory period.

In the case at bar, claimant was not paid compensation, but was furnished medical treatment for more than a month. The case, therefore, presents a question of first impression in this state, viz., whether or not the furnishing of medical treatment alone is sufficient to toll the statute of limitations (section 7301, supra).

We are of the opinion that the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation, and is sufficient to toll the statute. We are unable to draw a legal distinction between the voluntary payment of compensation and the furnishing of medical treatment. The reasoning permitting the one to toll the statute of limitations is applicable to the other. Both are indicative of the same thing, the recognition of liability. The petition to vacate the award is denied, and the award affirmed.

SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. WELCH, J., dissents. BAYLESS, J., not participating. RILEY, C. J., and BUSBY, J., absent.