## DOMESTIC LAUNDRY & DRY CLEANING CO. v. WESTON et al.

No. 32612. Dec. 23, 1947.

Rehearing Denied Feb. 24, 1948.

Second Petition for Rehearing March 9, 1948.

*190 P. 2d 460.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Font L. Allen and Harvey F. Allen, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Domestic Laundry & Dry Cleaning Co., and its insurance carrier Casualty Reciprocal Exchange, to review an award of the State Industrial Commission entered and made by a trial commissioner awarding compensation to respondent Lorine Weston.

The trial commissioner found that on the 22nd day of November, 1944, respondent, while in the employ of petitioner, Domestic Laundry & Dry Cleaning Company, sustained an accidental personal injury arising out of and in the course of her employment consisting of an injury to her right side; that as a result of said injury she sustained a 10 per cent permanent partial disability to the body as a whole for which she is entitled to compensation in the sum of $750, and upon such finding entered an order awarding her compensation in the sum of $750, or 50 weeks' compensation at $15 per week.

Petitioners challenge the award on the sole ground that respondent failed to file a claim for compensation within one year after the date of her injury and the claim is therefore barred by the statute of limitations. 85 O.S. 1941 §43. The record discloses that respondent sustained her injury on November 22, 1944, and that she did not file her claim for compensation until February 4, 1946. Therefore, in the absence of a showing of a state of facts or circumstances sufficient to toll the statute, the claim would be barred.

The record in this respect shows that on the 4th day of February, 1946, when respondent filed her first notice of injury and claim for compensation, she therein stated that the reason she did not previously file her claim was because Dr. Glass on different occasions told her that she had sustained no injury by reason of her accident and that she did not discover that she had sustained a disability by reason thereof until January, 1946.

The evidence shows that on the 22nd day of November, 1944, respondent, while in the employ of Domestic Laundry & Dry Cleaning Company and while engaged in lifting a pole loaded with wet clothing, sustained an injury to her right side; that she immediately informed Mr. Teel, manager of the laundry company, that she had sustained such injury, and that upon his direction she called upon Dr. Glass for examination and treatment; that Dr. Glass examined her and gave her some pills, but informed her that she had sustained no injury; that she continued to work at her employment but that at intervals her side caused her some pain; that she again informed Mr. Teel as to

her condition and he again directed her to call on Dr. Glass for further treatment; that she did so and that upon re-examination the doctor again stated that she had sustained no injury; that she thereafter kept working at intervals for several months but that her condition had not improved and she again so advised Mr. Teel when he again directed her to go to Dr. Glass for further treatment; that the doctor again examined her and still reached the conclusion that she had sustained no injury; that she continued to work until November, 1945, when her side caused pain to such an extent that she was no longer able to continue at her work; that she again informed Mr. Teel of her condition and he again advised her to call on Dr. Glass for further examination; that she did so and Dr. Glass again examined her and informed her that a knot had developed on her side and suggested that an X-ray of the side be taken but that he made no effort or attempt so to do; that she then called upon counsel and upon his advice consulted Dr. Dickson; that Dr. Dickson then examined and informed her that a tumor had developed on her side. Dr. Dickson testified that he first saw respondent on the 1st day of February, 1946; that he obtained a history of the case from her and made an examination; that upon examination he discovered that a tumorous condition had developed on her right side and in this respect the doctor stated:

"On the right side of the 9th, 10th and 11th rib there is a tumor like mass of harden cartilaginous tissue that seems to be attached to two or three ribs limiting the motion there."

Dr. Dickson further testified that this tumorous condition caused her pain when moving about or attempting to work; that this condition in his opinion was due to the injury sustained on November 22, 1944; that the injury caused a strain or breaking or tearing of the tissue and that the tumorous condition developed because of the irregular healing of such tissue; that the injury healed over the end of these broken places in the tissue and kept it from healing on the inside; that in his opinion respondent had sustained a 25 per cent permanent partial disability to her body as a whole by reason of such injury, and on cross-examination stated that in his opinion said condition will remain permanent and that it is extremely doubtful whether an operation would remove such disability.

Respondent contends that her claim was filed within one year after the date upon which medical attention was last furnished by her employer and that the claim was therefore filed in time. We think this contention well taken.

The evidence shows without dispute that petitioner, Domestic Laundry & Dry Cleaning Company, voluntarily and continuously furnished respondent with medical attention from the date the injury occurred until November, 1945. The claim was filed February 4, 1946. It was therefore filed in time. We have on different occasions said the right to claim compensation within the one year limitation provided by 85 O.S. 1941 §43, is tolled during the time when an employer voluntarily furnishes the employee medical attention to which he is entitled under the Workmen's Compensation Law. International Supply Co. v. Morrell, 187 Okla. 346, 102 P. 2d 846; Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381.

Award sustained.

