## HENDERSON v. OKLAHOMA SASH & DOOR CO. et al.

No. 33993.   May 9, 1950.

*218 P. 2d 369.*

Dwain D. Box and John B. Ogden, both of Oklahoma City, for petitioner.

Fred M. Mock and Pierce, Rucker, Mock, Tabor & Duncan, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen. for respondents.

HALLEY, J.   The claimant, R. H. Henderson, has been in the employ of the Oklahoma Sash & Door Company since 1921, and is still in their employ. He claims that somewhere between the 25th day of June and the 1st day of July, 1945, while stacking some material in the stockroom, he fell possibly seven or eight feet; that this happened at about 10:30 in the morning; that he continued on the job that day and drove home that evening; that he was quite sore the morning after the fall, but went back to work at his regular job, and that at the time he did not suppose that he had any permanent or serious injury, and felt that he would be all right.   That he continued to work at his job until April 12, 1948, when he had to lay off and go to see a doctor.   No claim was filed with the Industrial Commission until September 28, 1948.

After a complete hearing before the chairman of the Industrial Commission, he found that 'no notice of the injury' was given to the employer nor did the employer receive any information of the time, place, nature and cause of the injury within 30 days thereafter; and that claimant's claim for compensation was filed with the Industrial Commission on September 28, 1948, after the expiration of more than a year from the time his disability became apparent, and was barred by the provisions of section 43, Title 85, O. S. 1941.   For these reasons the claim was disallowed.   An appeal was taken to the Industrial Commission en banc, and the order made by the chairman was in all things approved and made the order of the commission.

We shall only discuss the proposition of the one-year statute of limitations. We believe that is decisive in this case.   The question of whether a claim for compensation has been filed within the statutory period as provided by section 43, Title 85, O.S. 1941, is a jurisdictional question which will be reviewed independently by this court, and we are not bound on such question by any finding of fact or lack of finding of fact by the commission, but will weigh the evidence and make our own independent finding of fact in relation

thereto. Tulsa Hotel et al. v. Sparks et al., 200 Okla. 636, 198 P. 2d 652.

The claimant stated at the hearing that he fell in 1945 and that his body was sore after his fall, but that he got a little better in 1945 and did not notice much trouble until the early part of 1947. He further testified that he had told his doctors in 1948 that his back had never been the same after his injury. We quote from his testimony:

"Q. You did tell Dr. Boatright, Mr. Henderson, that you had this pain and this trouble from the very date of this accident in 1945? A. I told him my back had never been the same. I did not tell him about any pain. Q. You heard him testify? He is your doctor? A. I told him I had never been the same, I did not tell him anything else."

Dr. Boatright testified as follows:

"Q. Lloyd, he told you, that is what you have told Judge Babcock, that from the date of this accident he suffered pain and had been able to do only light work? A. Had distress all the time. Q. All the time? A. Yes, sir."

It is to be borne in mind that in this case the evidence shows that this man did not lose any time from his work because of the alleged injury; that he never asked for medical treatment and that no medical treatment of any kind was furnished him by his employer; that he was never paid any compensation or wages in lieu thereof; in fact, there was nothing done to toll the one-year statute of limitations. For three years and three months he did not do anything about his claim, and from his own testimony he knew that he did not feel the same from the time the accident happened down to the time that he filed his claim. We have examined the evidence on this question and have weighed the same, and find that it sustains the finding of the commission that the statute of limitations has run in this case. This case is controlled by the rule laid down in Tulsa Hotel et al. v. Sparks et al., supra; York v. State Industrial Commission et al., 201 Okla. 636, 208 P. 2d 563; and Chas.

M. Dunning Construction Co. v. Williams, 196 Okla. 620, 167 P. 2d 371.

The order of the commission is sustained.

ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.