**SPICER'S, Inc. et al. v. BURK et al.**
No. 35428.

Supreme Court of Oklahoma.
March 31, 1953.

Rehearing Denied Sept. 15, 1953.

Application for Leave to File Second Petition for Rehearing Denied Sept. 29, 1953.

George E. Fisher, Oklahoma City, for petitioners.

J. W. Murphy and John F. Booth, Jr., both of Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On February 27, 1951, G. E. Burk, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on December 26, 1946, he sustained an accidental injury arising out of and in the course of his employment with the petitioner, Spicer's Incorporated, in an automobile collision. On the 1st day of December, 1951, the trial commissioner entered an award. Therein it is found:

"That respondent had actual notice of claimant's injury within 30 days of its occurrence but claimant did not give written notice until February, 1951, which was within one year of the time claimant discovered his condition and respondent and insurance carrier were not prejudiced.

"That claimant was unaware of the damage to his brain, caused by the head injury, until February 11th, 1951, when claimant was operated for a head injury by Dr. Jess Herrmann, despite the fact that claimant was seen several times from December 26th, 1946, until 1949, by respondent's doctors and claimant's doctors."

On appeal to the commission en banc the award was affirmed. This proceeding is brought to review the award.

Petitioners present the single issue that the State Industrial Commission erred as a matter of law in holding that the claim was not barred by 85 O.S.1951 § 43, which provides that a claim must be filed within one year after the date of the accidental injury or compensation paid in lieu thereof.

Claimant sustained a serious accidental injury December 26, 1946, at 11 o'clock A. M. Dr. Harper Wright filed form 4 attending physician's report on December 28, 1946, stating that claimant had been X-rayed, but that the X-ray showed no fractures or dislocations, but that claimant sustained a contusion of the right shoulder; that it was too early to determine the nature and extent of disability. Claimant testified that at the time of the collision he injured his shoulder, side and head; that he was attended by Dr. Crick of Britton, Oklahoma. Dr. Crick treated claimant from the date of the injury until February, 1947. In February of 1947, Dr. Crick sent claimant to Dr. Rountree. Claimant also saw Dr. Driver in Perry, Oklahoma, and Dr. Chambers of Enid. He went again to Wesley Hospital in Oklahoma City, where he had formerly been treated by Dr. Rountree, and Dr. Lawson of Wesley Hospital sent him to Dr. Bell who performed an appendectomy. This appendectomy proved unnecessary according to the testimony of all the physicians, and gave no satisfactory relief to claimant. Dr. Lawson then sent him to Dr. Herrmann. Dr. Herrmann testified that he first saw claimant in 1951 and after examining him performed an operation on his brain. The cause and extent of the disability is not in issue herein and it is not necessary to further detail the extent of the disability and the results of the operation by Dr. Herrmann. There is no evidence that any doctor ever released claimant as cured after the date of his first examination and treatment by Dr. Crick.

A. J. Spicer testified that he is the owner of Spicer's Incorporated; that after the accidental injury claimant was absent from work for some time; that claimant was never himself after the accident and that Spicer finally got claimant's wife to work with him in order for him to properly keep the records necessary in his employment; that when claimant was working he would go home from the place of business and rest; that he quit work for a while and returned to work and worked until May, 1950.

The evidence discloses constant visits to and treatment by physicians and surgeons in an attempt to discover the source of claimant's disability. He was first sent to Dr. Crick at the direction of his employer and all of the subsequent treatments and examinations were with the knowledge of the employer. It is fairly deducible that they were not without his consent. Claimant was a trusted employee with a responsible position which he had held satisfactorily for a number of years. Because of

the business relationship a strong friendship existed between claimant and A. J. Spicer. Although the dates of some of claimant's visits to obtain needed treatment cannot always be fixed with certainty, it reasonably appears that no period of longer than a year intervened between visits to and treatment by some reputable physician and surgeon. A. J. Spicer knew at all times that the only trouble from which claimant was suffering manifested itself after his accidental injury. It is reasonably deducible that he knew of no other cause that would account for claimant's disability.

In Johnson v. Miller, 161 Okl. 31, 16 P.2d 1083, this court held that an employer and insurance carrier may waive the requirements of 85 O.S.1951 § 43, that a claim for compensation under the Workmen's Compensation Act be filed with the commission within one year after the injury.

In Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381, it is stated that the right to claim compensation within the one-year limitation, provided by 85 O.S.1951 § 43, is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law.

Subsequent to the opinion in Oklahoma Furniture Mfg. Co. v. Nolen, supra, the statute was amended to include the proviso so that now an injured employee has the statutory right to file a claim within one year after the payment in lieu of compensation. Medical treatment has been recognized as payment in lieu of compensation. Oklahoma Furniture Mfg. Co. v. Nolen, supra; Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460; Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70.

In Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460 it is stated:

"Under the circumstances shown by the record herein, the one year period of limitation provided by 85 O.S.1941 § 43 for filing a claim was tolled during the time the employer voluntarily furnished claimant with medical attention to which she was entitled under the Workmen's Compensation Law."

Under the facts and circumstances of this case we are of the opinion and hold that the evidence shows the furnishing of constant voluntary medical treatment of the claimant by the employer from the date of the accidental injury until the date of the operation by Dr. Herrmann in 1951. The claim was therefore filed within time.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs in conclusion.