Herbert F. GARDNER, Petitioner,

v.

R. V. DILLARD DRILLING COMPANY, Commercial Standard Insurance Company, and the State Industrial Commission, Respondents.

No. 36401.

Supreme Court of Oklahoma.

Sept. 27, 1955.

Rehearing Denied Nov. 22, 1955.

Pierce, Mock & Duncan, James W. Shepherd, Oklahoma City, for plaintiff in error.

Person E. Woodall, Norman, for defendant in error.

Gene M. Gardner, Duncan, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 12th day of November, 1953,. Herbert F. Gardner, hereinafter called claimant, filed his claim for compensation stating that on the 25th day of August, 1952, he sustained an accidental injury arising out of and in the course of his employment with R. V. Dillard Drilling Company, employer. Following hearings conducted to determine the cause and extent of disability the State Industrial Commission denied an award and this proceeding is brought by claimant against the employer and Commercial Standard Insurance Company, insurance carrier, hereinafter referred to as respondents to review the order denying the award.

Claimant was a driller on location drilling a well for the employer when he ran a splinter through his eyelid. He was taken by one of the employees to Duncan, Oklahoma, where he was examined and treated by Dr. E. The employer did not retain a regular doctor and claimant testified that it was the custom for employees to select their own doctors after notification of an accidental injury and that the employer sent the injured employees to the doctor of their choice; that this was done in his case.

Dr. E. filed a report dated March 4, 1953, and a second report dated January 9, 1954. He prescribed an eyewash for the claimant. There is a foreign body that is still in the eyelid the size of a small pea. Dr. L. filed a report and therein stated that this is a part of the splinter or some other foreign object. Claimant was examined by three doctors. One of these doctors was Dr. W. who examined claimant at the request of the insurance carrier. Dr. E. in his report filed March 4, 1953, stated that there is a piece of wood in the eyelid.

At the conclusion of the hearing the trial commissioner entered the following order:

"Now on this 24th day of February, 1954, the State Industrial Commission being regularly in session, the above entitled cause comes on for consideration, pursuant to assignment regularly made and hearing had at Oklahoma City, Oklahoma, on January 14, 1954, before Commissioner Marx Childers, at which time claimant appeared in person and by Gene M. Gardner, and the respondent and insurance carrier appeared by their attorney, David J. Morrison; and the Trial Commissioner, having considered the evidence, records on file, and being otherwise well and sufficiently advised in the premises, finds:

"1.

"That the State Industrial Commission has no jurisdiction to hear and determine the merits of a claim filed herein on November 12, 1953, for an alleged accidental personal injury of August 25, 1952, since there is no evidence introduced tending to toll the one-year limitation for filing such action.

"It is therefore ordered that claimant's claim for compensation is denied."

We are of the opinion that the trial commissioner erred in finding that the claim was barred by the statute of limitations.

The answer is as follows:

"Comes now the Respondent, R. V. Dillard Drilling Co., and their insurance carrier, Commercial Standard Insurance Company, and deny each and every allegation set forth in the Claimant's claim for compensation as a result of the alleged accidental injury on August 25, 1952, at Duncan, Stephens County, Oklahoma.

"Your respondent and Insurance Carrier state that if such accident did occur that it does not come within the purview of the Workmen's Compensation Act of the State of Oklahoma; therefore, the State Industrial Commission is without jurisdiction thereof.

"Wherefore, the Respondent and Insurance Carrier pray that the claimant's claim for compensation be denied."

Nowhere did the respondents specifically raise the statute of limitations. At the beginning of the hearing the trial commissioner and the attorney for respondents stated:

"The Court: Any question as to the Statute of Limitations there?

"Mr. Morrison: I think it is involved, yes, sir. There was no time loss as a result of that accident. Medical attention was furnished by Dr. Richard A. Ellis. His report or bill has never been received. We acknowledge the obligation of paying for it.

"The Court: By Dr. Ellis:

"Mr. Morrison: Yes, sir. He apparently saw the man one time. Now, on the other matter, the respondent and insurance carrier admit the claimant was employed by them on the 8th of April, 1953, that he did timely report an accidental injury in the nature of a fall. His wages were sufficient to entitle him to the maximum rate of compensation. He was given medical treatment by Dr. F. A. Young. That no time was lost as a result of the accident. All jurisdictional questions are admitted.

"The Court: That is unless you raise the question of the Statute of Limitations as to the filing of the first one; is that right?

"Mr. Morrison: For the record so that there would be no question of dates involved, our record shows that this man was examined for his disability, if any, arising from the eye injury, on February 25 of 1953, again on March 31 of 1953, and November 5 of 1953."

The trial commissioner then addressed the following questions to the claimant, and at the conclusion of the questions the attorney for the respondents made the following statements:

"The Court: Have they ever voluntarily sent you to a doctor other than just for an examination? Have they ever sent you to a doctor for treatment? A. No, sir, just for examination. .

"The Court: Have they ever paid you any compensation? · A. No, sir.

"The Court: Did they ever pay you any wages in lieu of compensation when you weren't working, just keep on paying you wages? A. No, sir, no wages when I wasn't working.

"The Court: Who did you notify that you injured your eye when you first got it hurt? A. I notified my company and made a notation of it on the drilling report.

"Mr. Morrison: We knew of the accident, Judge. The company knew of the · accident; no question involved."

The trial commissioner repeatedly asked claimant if he went to the company doctor. Each time claimant replied that the company had no doctor. At the conclusion of the hearing the following transpired:

"Mr. Gene M. Gardner: That's all, Your Honor. We would like to request that, if it would be proper, that the Commission address an inquiry to Dr. Ellis concerning the eye injury.

"The Court: We have his report in here. What I want is Dr. Clay's, now.

"Mr. Gene M. Gardner: I was referring more to Dr. Ellis' statement as to who his employer is, who he is being paid by.

"The Court: Oh, I think this man here is probably in a position to send himself to whatever doctor he wanted to. He was in authority there, and the highest authority at that time. I believe he's established the statutory question, and I think the question now is on disability. I don't think we need anything further on that. I don't see anything further we need in either case, except Dr. Clay's report, now."

We hold that the record discloses that respondents voluntarily furnished medical attention within a year prior to the filing of the claim. ·The representative of the insurance carrier was present and freely admitted he had discussed the treatment given by Dr. E. to claimant on a number of occasions. ·Claimant testified that he notified Charles Smith, tool pusher for the employer of the accident and discussed with him the nature of treatment given by Dr. E. The respondents offered no evidence tending to disclose that they did not intend to furnish medical treatment. When claimant was asked, either by the trial commissioner or the attorney for respondents, if he went to the doctor of his own choice or if he ever demanded ·medical attention, and he replied "no" we think he meant he had already selected Dr. E., the doctor of his own choosing, as was the custom of the company and was being treated and had no occasion to make any further demand because he was being well treated by Dr. E. by and with the consent and knowledge of the employer and insurance carrier. In Henderson v. Oklahoma Sash & Door Co., 203 Okl. 79, 218 P.2d 369, 370, it is stated:

"The question of whether a claim for compensation has been filed within the statutory period, as provided by Sec. 43, Title 85 O.S.1941, is a jurisdictional question which will be reviewed independently by this court, which will examine and weigh the evidence and make its own independent findings of fact in relation thereto."

In Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381, it is stated:

"The right to claim compensation within the one-year limitation, provided by section 7301, C.O.S.1921 (St. 1931, § 13367), is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law."

See also to the same effect, Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460; Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70; Spicer's, Inc., v. Burk, Okl., 261 P.2d 222.

The trial commissioner therefore erred in holding that the claim was barred by the statute of limitations. The order of the trial commissioner is vacated and the cause remanded to the State Industrial Commission with directions to proceed in accordance with the views herein expressed.

WILLIAMS, V. C. J. and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.