**LEE WAY MOTOR FREIGHT, a Corporation, and Transport Insurance Company, a Corporation, Petitioners,**

v.

**Lewis M. PRITCHARD and the State Industrial Commission of Oklahoma, Respondents.**

No. 37231.

Supreme Court of Oklahoma.

July 2, 1956.

Rehearing Denied Sept. 11, 1956.

Original proceeding by Lee Way Motor Freight, a corporation, to review an award of the State Industrial Commission awarding compensation to respondent Lewis M. Pritchard. Award sustained.

Edward W. Smith, Oklahoma City, for petitioners.

Ben Hatcher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On the 5th day of October, 1955 Lewis M. Pritchard, respondent herein, filed a claim for compensation against Lee Way Motor Freight, a Corporation, and its insurance carrier, petitioners herein, in which he states that on February 21, 1953 while in the employ of Lee Way Motor Freight he sustained an accidental injury consisting of an injury to his left eye resulting in the loss of use of the eye. The injury was caused when particles of carbon black blew into his eye.

Petitioners defended the claim on the theory that it was not filed within one year after respondent sustained his injury as provided by 85 O.S.1951 § 43, and the claim is barred by limitation.

The trial commissioner found that on February 21, 1953, respondent while in the employ of Lee Way Motor Freight sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his left eye; that he lost no compensable time as a result of his injury and further found that as a result of his injury he sustained 55% permanent partial loss of use of his eye for which he is entitled to compensation in the sum of $1,375 payable in 55 weeks at the rate of $25 per week and upon such findings entered an award awarding respondent compensation accordingly, which award was sustained on appeal to the Commission en banc. Petitioners bring the case here to review this award.

The evidence is undisputed that respondent sustained an injury to his left eye as stated in his claim. There is medical evidence to the effect that as a result of such injury he sustained a 85% permanent partial loss of use of the eye.

Petitioners do not contend that the evidence is insufficient to sustain the award. Their sole contention is that respondent did not file his claim within one year after he sustained the injury or within one year from the last payment of compensation or remuneration in lieu of compensation and that the claim is therefore barred by limitation.

Respondent contends that he filed his claim within one year after the last date upon which medical treatment was furnished him and that the claim was therefore filed in time.

Respondent in this respect testified that shortly after he sustained his injury he notified his boss of said injury and was directed by him to go to Dr. M for treatment. The doctor treated him every day for about a month. He was thereafter treated by the doctor at intervals up to and including September 9, 1955.

The doctor in his written report filed on the 11th day of December, 1955, states he first saw and examined the respondent on March 2, 1953. He was then suffering with a dendritic ulcer with iritis. The ulcer was cleansed from time to time and medication given. On April 22, 1953 the eye was comfortable, but he was given some cortisone to continue healing; then on September 14, 1953, he again came to the office with a recurrent dendritic ulcer of the left eye. The ulcer was again cleansed. He again saw him December 7, 1953, with another recurrent ulcer of the left eye and again the ulcer was cauterized and cleansed. This time it healed slowly and scarring was fairly heavy. He again saw respondent on December 15, 1953. At that time respondent questioned the doctor about possible improvement of vision. The doctor referred him to Dr. R and advised him that the doctor could fit a contact lens for him to improve his vision. Dr. R's address was given respondent and another prescription of cortisone was given him and at that time the doctor advised him that the ulcer might recur and that if it did he would need further treatment. He did not see respondent again for treatment until March 23, 1955.

At that time he came in and the eye was bothering him. He stated that during this interval he had treated his eye several times with cortisone and that he had seen Dr. R for a contact lens and Dr. R in turn had also rendered treatment to the left eye and had given him a prescription. Respondent then came back to his office September 9, 1955. There was then extensive scarring in the eye and he was again advised that there will be a recurrence of the dendritic ulcer of his left eye from time to time.

The evidence discloses that the doctor rendered three separate bills for his service, one dated July 13, 1953 for $32 covering treatment from March 2, 1953 to April 22, 1953. This bill was rendered petitioner insurance carrier and was paid by it. Another bill was rendered under date of August 30, 1955 for $33 covering a period of time from September 14, 1953 to December 15, 1953. This bill was rendered respondent and has not been paid. A third bill was rendered for the sum of $3 for an office visit on March 23, 1955. This bill was also rendered respondent and has not been paid. The evidence shows that at the time of the trial there was due and unpaid the doctor the sum of $36 for medical treatment furnished respondent.

It is the contention of petitioners that they did not furnish respondent with medical treatment subsequent to April 22, 1953, and that if he thereafter received medical treatment it was of his own volition and as a private patient and not under their instructions or directions, and that since respondent did not file his claim within one year after April 22, 1953 the claim is barred. We do not agree.

The evidence shows that shortly after respondent sustained his injury he was treated by the doctor above mentioned at the direction of petitioners. Such treatment was continuous, though at intervals, up to and including September 9, 1955. Each time respondent returned for further treatment he did so under the advice of the doctor. There is no evidence to the effect that petitioners at that time, or at any time, notified either the doctor or respondent that

they had discontinued medical treatment. Respondent has never been released or discharged by the doctor. In these circumstances we hold that the statute was tolled during all the time respondent was furnished medical treatment. The last day upon which he was furnished medical treatment was September 9, 1955. The claim was filed within one year thereafter and was therefore filed in time. See, in this connection Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.