**Hilbert STEVENSON, Petitioner,**

v.

**PERFORATING GUNS ATLAS CORPORATION, Maryland Casualty Insurance Company and the State Industrial Commission, Respondents.**

No. 37267.

Supreme Court of Oklahoma.
March 19, 1957.

Rehearing Denied April 16, 1957.

Farmer & Kerr, by Russell Farmer, Oklahoma City, for petitioner.

Pierce, Mock & Duncan, by John R. Couch, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On July 23, 1955, Hilbert Stevenson, petitioner herein, filed a claim for compensation against Perforating Guns Atlas Corporation and its insurance carrier, Maryland Casualty Insurance Company, respondents herein, in which he stated that on June 20, 1951, while in the employ of respondent, Perforating Guns Atlas Corporation, he sustained an accidental injury consisting of an injury to his back causing some permanent disability to his person. The injury occurred while he was engaged in moving heavy truck tires.

The claim was resisted by respondents on the theory that it was barred by limitation. Title 85 O.S.1951 § 43.

The trial commissioner found:

"That on June 20th, 1951, claimant sustained an accidental personal injury while in the employ of the respondent; that medical treatment was furnished on June 21st, 1951, and claimant lost no compensable time and has continued on the pay roll in employment of respondent and no compensation was paid, nor medical treatment furnished until June 2nd to June 7th, 1955, when claimant was furnished medical treatment by respondent.

"Claimant first filed his Form-3 claim herein on June 23rd, 1955 and more than one year had elapsed from June 20th, 1951, before further medical treatment was furnished to him on June 2nd, 1955, and the claim is therefore barred by the statute of limitations."

The commissioner on such findings entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and contends that his claim was filed within one year after the last day

upon which medical treatment was furnished him and wages in lieu of compensation was paid and that it was therefore filed in time.

It is not denied by respondents that petitioner sustained an accidental injury as claimed by him and that he was thereby disabled. They rely solely upon the contention that his claim is barred by limitation.

Petitioner in this respect testified that on the same day he sustained his injury, he immediately notified Mr. Howse, his boss, as to the injury and that he was directed by him to go to Dr. L at the Lindsey Clinic for treatment. He went to said doctor on the 21st day of June, the day after he sustained his injury. The doctor examined him and told him to go home and remain inactive until he felt better and then to return for further examination. Petitioner remained idle for about two weeks and then returned to work, although his back still hurt him. He remained at work until some time in February, 1952, when he returned to the clinic for further treatment. The doctor gave him some medicine for his pain. He then remained idle for about two weeks when he returned to work and remained at work for four months, when he again returned to the clinic where he was treated by the same doctor. He thereafter returned to work and remained at work until June 1, 1953, when he returned to the clinic and was treated by a third doctor. He was taped and given some pills for his pain and was told to remain inactive for some time. He then remained idle for two more weeks when he again returned to work, though his back still bothered him. He went back to the clinic on February 5, 1954, and was examined by the same doctor who first examined him. He gave him some pills and told him to rest a while and then return for further treatment. He thereafter and sometime in May or June, 1954, the exact date not given, returned to the clinic and

was seen and examined by another doctor. The doctor advised him to see a certain doctor in Oklahoma City. Petitioner informed Mr. Howse of the recommendation and Mr. Howse told him to wait a while before going to Oklahoma City until he "got things straightened out." Petitioner then returned to his home and remained there until the 23rd or 24th day of May, 1955, when Dr. S came to his home and examined him. He was sent there by Mr. Howse. The doctor recommended that he be taken to McBride Hospital at Oklahoma City for further treatment. Mr. Howse made arrangements to have him treated at that hospital and he entered the hospital June 2, 1955, where he was treated and remained for six weeks, since which time he has not been able to return to work. He, however, testified that during all the time he was taking the treatments he drew his full salary and respondent, Perforating Guns Atlas Corporation, continued to pay him such salary until January, 1956.

Mr. Howse testified that he was an employee of Perforating Guns Atlas Corporation. He was employed as its district manager and was so employed on the 20th day of June, 1951, the day upon which petitioner sustained his injury. He knew that petitioner on the same day went to a doctor at Lindsey Clinic for treatment. He also knew that petitioner on different occasions returned to the clinic and was treated by other doctors. Petitioner told him so. He did not, however, authorize such treatments and did not see or talk to any of the doctors who treated him, nor did he agree to pay the doctor bills. He testified further that petitioner, while taking these treatments and while at work, complained of pain in his back and stated that his condition was gradually growing worse and that such condition was due to his injury in 1951. Thereafter, he saw and talked with Dr. S, a doctor at Pauls Valley, relative to petitioner's condition and made arrangements with the doctor to take him to McBride Hospital at Oklahoma City, for

treatment. Dr. S, thereafter and on June 2, 1955, took him to the hospital at Oklahoma City where he was furnished hospitalization and treatment. It is conceded by respondents that petitioner was treated for his injuries by Dr. L, at the clinic, on June 20, 1951, and that they authorized and directed such treatment. However, they contend that if he received further treatment it was of his own volition and not by their authorization or direction.

 Mr. Howse, respondent's district manager, testified that he knew that petitioner, subsequent to June 21, 1951, returned to the Lindsey Clinic and was treated by various doctors. He testified that petitioner told him so. He does not claim to have made any objection to such treatment or that he advised or informed petitioner that respondents had discontinued medical treatment. We think that, by such act and conduct, Mr. Howse impliedly consented to and authorized such treatment and respondents will not now be heard to say that such medical treatment was not furnished by them. See, in this connection, Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196; and Spicer's, Inc., v. Burk, Okl., 261 P.2d 222. The evidence shows that medical treatment was continuously furnished petitioner by respondents from June 20, 1951, to and including May 24, 1955. He filed his claim for compensation on July 23, 1955. It was filed within one year after the last day upon which medical treatment was furnished and was therefore filed in time.

We conclude that the Commission erred in holding petitioner's claim barred by limitation and in denying compensation.

Order vacated for further proceedings.

DAVISON, HALLEY, JOHNSON, WILLIAMS and CARLILE, JJ., concur.

JACKSON, J., concurs in result.