**C. ROSE PLUMBING COMPANY and Utilities Insurance Company, Petitioners,**

v.

**William Manuel GORDON and Oklahoma State Industrial Commission, Respondents.**

No. 37199.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Rucker, Tabor & Cox, Robert L. Shepherd, Tulsa, for petitioners.

Covington, Donovan & Gibbon, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On the 10th day of August, 1954, William Manuel Gordon, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by C. Rose Plumbing Company, employer, he sustained an accidental injury arising out of and in the course of his employment on December 18, 1952. An award was made by the State Industrial Commission for permanent partial disability. This proceeding is brought by the employer and its insurance carrier, Utilities Insurance Company, hereinafter called petitioners, to review the award.

The record discloses that claimant was a plumber living in Okmulgee, Oklahoma; that on the 18th day of December, 1952, while installing bath fixtures he was attempting to move a bathtub in a private dwelling and in moving the tub he strained his back. The tub weighed approximately 260 pounds. He notified Carl Rose, owner of the plumbing company, employer, and went at the direction of the employer to Dr. B at a clinic in Okmulgee, where he was examined. He was sent by Dr. B to his associate in the same building, Dr. M. He then went to Dr. H who referred him to Dr. W, who performed an operation on May 3, 1954. The petitioner offered no evidence. A stipulation was entered into as to the testimony of Dr. B. Claimant was the only witness. Claimant filed a medical report which is not an issue. Claimant was rewarded 12½ percent permanent partial disability by reason of the injury to his back.

The sole issue presented is that the claim filed the 10th day of August 1954, was not

filed within one year as provided by 85 O.S. 1951 § 43. The evidence discloses that after the visit to Dr. B claimant was last treated by Dr. B in May of 1954. It is not clear whether this treatment had any connection with the injury of December 18, 1952. This treatment was long after Dr. B had advised Dr. M that the disability of claimant was uncertain and needed further clinical examination. In this respect the case is similar to that of Spicer's, Inc., v. Burk, Okl., 261 P.2d 222. The evidence discloses that after the injury of December 18, 1952, the employer at all times had knowledge of the fact that claimant was injured on that date, and that it consented to hospitalization of claimant thereafter and paid the medical bills therefor. At one time it is stated that he was released by Dr. B. The evidence discloses that he was never released as cured. He was told by Dr. B that he could return to work. After his return to work it developed that he was still disabled and all of the trips to Dr. B thereafter, and to Dr. M and to subsequent physicians and surgeons was to obtain further treatment and to determine the nature of his disability. The nature of his disability was fully developed after the operation on the 3rd day of May, 1954, when it was discovered he had a serious back condition due to faulty discs.

The cases applicable are Spicer's, Inc., v. Burk, supra; Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460; Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196; In Spicer's Inc., v. Burk, supra, it is stated [261 P.2d 224]:

"Under the circumstances shown by the record herein, the one year period of limitation provided by 85 O.S.1951 § 43 for filing a claim was tolled during the time the employer voluntarily furnished claimant with medical attention to which he was entitled under the Workmen's Compensation Law."

The evidence discloses that claimant was never released from treatment for his injury of December 18, 1952, after he was sent to Dr. B and since the claim was filed within one year after the last medical treatment of May 3, 1954, it is not barred by 85 O.S.1951 § 43.

Award sustained.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.