UNITED STATES GYPSUM COMPANY, a
corporation, Petitioner,

v.

Edward L. RAUH and the State Industrial
Commission, Respondents.

No. 37714.

Supreme Court of Oklahoma.

Nov. 26, 1957.

Rhodes, Crowe, Hieronymus & Holloway, William H. Wilson, Oklahoma City, for petitioner.

Fred M. Hammer, Carl E. Moslander, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On August 17, 1956, Edward L. Rauh filed a claim for compensation against United States Gypsum Company, own risk carrier, petitioner herein, in which he states that on December 20, 1952, while in the employ of petitioner and engaged in the course of his employment he sustained an accidental injury consisting of an injury to his neck. On the same day he filed a second claim for compensation against petitioner in which he states that on April 15, 1955, while in the employ of petitioner and engaged in the course of his employment he sustained an accidental injury consisting of a re-injury to his neck; that the injury occurred when he fell from a boxcar.

Petitioner filed an answer to each claim consisting of a general denial and affirmative plea of limitation.

The claims were consolidated for hearing by the trial judge who at the close of the evidence found that on December 20, 1952, respondent while in the employ of petitioner sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his neck; that his claim for such injury was not filed within one year after he sustained such injury nor was it filed within one year after the last day upon which medical treatment was furnished him and that his claim is therefore barred by the statute of limitations and entered an order denying him compensation for such injury. No appeal has been taken from that order and it is now final.

The trial judge further found that on April 15, 1955, respondent while in the employ of petitioner sustained an accidental injury consisting of a re-injury to his neck; that as a result of said injury he was temporarily totally disabled from November 1956 and is still so disabled and is entitled to recover compensation for temporary total disability from the 15th day of November 1956, at the rate of $28 per week, said payments to continue as long as temporary total

disability exists not to exceed 300 weeks or further order of the court; and further found that respondent is entitled to further medical treatment and upon such findings entered an award in favor of respondent accordingly which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this award and contends, among other things, that it is not supported by the evidence and is contrary to law.

Respondent in this respect testified that on December 20, 1952, while in the employ of petitioner he sustained an accidental injury consisting of an injury to his neck; that he was treated for such injury until February 1953; that he lost no time from his work except such time as he was off taking medical treatments. He was paid his regular wages during all this time. He further testified that on April 15, 1955, while in the employ of petitioner he sustained a second accidental injury consisting of a re-injury to his neck; that the injury occurred when he fell from a boxcar. He was then engaged in unloading rock from the car for use of petitioner in its business.

Several days after he sustained his injury respondent went to a chiropractor for treatment. He took several treatments from the doctor. The doctor then informed him as to his trouble and condition and the amount it would cost him to take treatments. He then notified petitioner's foreman in charge, of his injury, that he had been to the chiropractor for treatment, and that he was in need of further treatment. The manager informed him that the company would pay no chiropractor's bills and directed him to go to the Okeene Clinic doctors for his treatment. He then went to the clinic where he was treated by Dr. G. The doctor put him to bed and placed him in traction. He remained in traction for several weeks. He was then examined by Dr. F., another doctor at the clinic, who examined him and placed his neck in a brace. He wore the brace for four weeks and remained under the care of the doctor at the clinic and took regular treatments from then up until sometime in June 1956,

since which time he has received no medical treatment. He then returned to work for petitioner and remained at work until August 17, 1956, at which time he informed petitioner's manager that he was no longer able to do the work he was employed to do because of severe pain in his back and neck and requested that he be given lighter work. The manager informed him that there was no lighter work available. Respondent then quit working for petitioner. He thereafter did some farming. In the fall of 1956 he planted to wheat 137 acres of land. He however was suffering pain in his back and neck during all the time he was working. He used a tractor to sow the wheat but he could not drive it all day. He would work several hours at a time when the pain in his back and neck would become so severe that he was unable to continue to work. He would then go home, take a pill for the pain and lie down and rest several hours and would then return to work for several hours and would then again rest for several hours and continue so to do until he completed the planting of the wheat.

It is the contention of petitioner that the above evidence of respondent establishes that he was not then temporarily totally disabled as found by the Commission, since he was still able to do some work. We do not agree. Respondent as above set forth testified that during all the time he was working he suffered severe pain in his back. We have on different occasions held that an injured employee under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. is not required to perform manual labor when accompanied with continuous pain, suffering and discomfort. Briscoe Const. Co. v. Listerman, 163 Okl. 17, 20 P.2d 560; Sweetwater Gin Co. v. Wall, 153 Okl. 96, 5 P.2d 126. In McKissick Products Corp. v. Gardner, Okl., 280 P.2d 718, we said total and permanent disability within the meaning of the Workmen's Compensation Act means lack of ability to follow continuously some substantially gainful occupation without serious discomfort or pain. In Oklahoma Natural

Gas Co. v. Davis, 181 Okl. 530, 75 P.2d 435, 436, the following rule is announced:

"Evidence that the claimant has done or is capable of doing light work will not defeat an award of the State Industrial Commission for temporary total disability in workmen's compensation proceedings, if there is competent evidence to support it."

Under the above authorities the small amount of work respondent has been able to do and has done since August 17, 1956, the day his employment with petitioner ceased, is not sufficient to require a vacation of the award of the Commission awarding respondent compensation for temporary total disability since the evidence shows that during all the time he was performing such work he was suffering severe pain as the result of his injury.

It is further contended by petitioner that there is no medical evidence to support the finding of the Commission that respondent as the result of his injury was temporarily totally disabled and in the absence of such evidence the award cannot be sustained. We do not agree that there is a total lack of medical evidence tending to support the finding of the Commission. Respondent offered in evidence the report of Dr. M under date of November 16, 1956 in which the doctor stated that he saw and examined respondent at the request of his counsel Mr. Hammer; that he obtained a history of the case from respondent which is substantially as testified to by him; that he examined respondent including X-ray pictures taken by other doctors, and after stating in detail the result of his examination and physical condition found to exist expressed the opinion that respondent as the result of his injury sustained in 1955 is temporarily and totally disabled and in need of further treatment.

There is medical evidence to the contrary. We however think the evidence of Dr. M when considered in connection with the evidence of respondent is sufficient to sustain the finding and award of the State Industrial Commission. We have

many times held, as stated in Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381:

"The right to claim compensation within the one-year limitation, provided by section 7301, C.O.S.1921, [85 O.S. 1951 § 43] is tolled during the time when an employer voluntarily furnishes such employee medical attention to which he is entitled under the Workmen's Compensation Law."

Award sustained. .