**ANCHOR PLUMBING COMPANY and American Motorists Insurance Company, Petitioners,**

v.

**Eldon Paul LINAM and Oklahoma State Industrial Commission, Respondents.**

**No. 38004.**

Supreme Court of Oklahoma.

May 13, 1958.

Rucker, Tabor & Cox, Dennis Downing, Tulsa, for petitioners.

James Wm. Brown, A. D. Mason, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On April 2, 1957 Eldon Paul Linam, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that on March 3, 1955, while employed by the Anchor Plumbing Company as a plumber, he sustained an accidental injury arising out of and in the course of his employment when he was hit on the head by a piece of falling pipe. On June 20, 1957 an award was entered by the State Industrial Commission in favor of claimant for temporary total compensation and further medical treatment, and this proceeding is brought by Anchor Plumbing Company, employer company, and its insurance carrier, American Motorists Insurance Company, hereinafter called petitioners, to review the award. The record shows that claimant was injured on March 3, 1955, when a piece of 3-inch pipe fell from the ceiling and hit him on the head. He was sent to Dr. F, who treated him, taking five sutures in his scalp. He returned to the clinic on January 23, 1956 and was examined by Dr. E. Claimant testified that he did not miss any time from work. He was asked and answered in part as follows:

"Q. You continued your medical treatment up until January 23, 1956? A. Yes.

*    *    *    *    *    *

"Q. Did you have any discussion with Dr. E as to whether or not you were released on that date? A. I talked to him, he told me to come back later if I felt like I needed treatment."

At another point claimant said:

"He told me to come back, he believed I would be alright, but come back later if I felt like I needed to."

He was asked by the Court:

"Q. Well, did you go back any more? A. I called up later on.

"Q. When? A. This last year * * * in January, 1957, I called back down to the Anchor Plumbing Company and the lady said the insurance had run out.

"Q. You called for more treatment? A. Yes, sir."

"Q. Was that out at the company office? A. Yes, sir."

Claimant testified that about the middle of August, 1956 he began having occasional dizzy spells and blackouts, and that he had suffered with a headache ever since the accident. On cross-examination he was asked:

"Q. You hadn't seen a doctor at all from the time you last saw Dr. E in January of 1956 up until the time you saw Dr. S here a couple of months ago? Is that right? A. Hadn't seen one, but I called.

"Q. That is what I mean, you hadn't seen a doctor from the time you last saw Dr. E in January of 1956 until you first went to see Dr. S here a month or so ago. Is that right? A. Correct.

"Q. Now after you left Dr. E there in January it wasn't until the following January of 1957 that you called out to the employer's office. Isn't that right? A. That is right.

"Q. You didn't go back to Dr. E? A. I called and tried to. I tried to go through the company.

"Q. You called the office, didn't you? A. Yes, sir. Correct. I did that the first time I went to him when I first went to him."

About April 6, 1957 claimant was sent by his lawyer to see Dr. S, who examined him and sent him to Dr. F.

Petitioners raise the single issue that the claim is barred by the Statute of Limitation, 85 O.S.1951 § 43, which provides:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the in-

jury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Petitioners cite and chiefly rely on York v. State Industrial Commission, 201 Okl. 636, 208 P.2d 563; Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652; Dye v. Ed Johnston Grain Company, Okl., 319 P.2d 1004, and Evans v. Tulsa City Lines, Okl., 290 P.2d 126. The respondents recognize the force and application of the statute fixing the period within which a claim of compensation may be filed, but assert that the evidence in this proceeding shows that the limitation statute was tolled, and cite in support of their statement, C. Rose Plumbing Company v. Manuel Gordon, Okl., 317 P.2d 197; United States Gypsum Company v. Rauh, Okl., 318 P.2d 864, and Spicer's, Inc., v. Burk, Okl., 261 P.2d 222.

We have examined the cases cited and relied upon by the respondents but do not consider them applicable or controlling in the present proceeding because of a material difference in the facts and circumstances. The opinion in C. Rose Plumbing Co. v. Gordon, supra, shows that the claimant there filed his claim within one year from the date on which he last received medical attention, and therefore was within time and came within the rule announced in Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196, which holds:

"The one year period of limitation provided by 85 O.S.1951 § 43 for filing a claim is tolled during the time the employer furnishes employee with medical treatment to which he was entitled under the Workmen's Compensation Law."

In United States Gypsum Co. v. Rauh, Okl., 318 P.2d 864, supra, under the facts shown the claim for compensation was filed within the limitation period following the last medical attention furnished claimant. In Spicer's, Inc., v. Burk, supra,

[261 P.2d 224], the record shows claimant was injured on December 26, 1946 and did not file his claim until in February, 1951, but claimant had been under medical care during the period preceding the date of filing his claim. The opinion states:

"* * * Although the dates of some of claimant's visits to obtain needed treatment cannot always be fixed with certainty, it reasonably appears that no period of longer than a year intervened between visits to and treatment by some reputable physician and surgeon. * * *"

The decisions cited and relied upon by petitioners follow the established rule and hold:

"Under 85 O.S.1951 sec. 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute." Dye v. Ed Johnston Grain Co., Okl., 319 P.2d 1004.

The last medical treatment furnished the claimant by his employer was on January 23, 1956. The claimant testified that about the middle of August, 1956 he began having dizzy spells and blackouts. It was not until some time in January, 1957, he did not specify the date, whether it was before or after January 23, 1957, that he phoned the employer's office and asked for medical attention and the lady who answered told him the insurance had run out.

Respondents assert that the claimant was told by employer's physician to return should he feel he needed further treatment, and contends that such fact constitutes continuing medical treatment by employer. The statement by Dr. E on January 23, 1956, telling the claimant to return later if he felt like he needed to did

not constitute continuous medical treatment. The right to medical care or treatment does not constitute medical treatment within the meaning of the limitation statute, and the doctor's statement to claimant did not constitute continuous medical treatment nor extend the statutory time to file a claim for compensation. To hold otherwise would, in effect, nullify the limitation statute and conflict with the plain language and purpose of the statute, and would enable a claimant to file a compensation claim at any time he desired. There would be no fixed period or event by which to determine when the limitation statute commenced to run. In the opinion in Dye v. Ed Johnston Grain Company, supra, it is stated:

"*   *   * We have carefully reviewed the record in this connection and find no substantial evidence of the voluntary and continuous medical attention furnished by the employer within one year of the date on which the claim was filed. This is required in order to toll the statute."

The last medical care or treatment furnished claimant in the case at bar by his employer was given on January 23, 1956, and it was more than 14 months thereafter when he filed his claim. Neither the employer nor anyone in its behalf did anything during said period by which it may be said that limitations imposed by statute was extended. Neither compensation nor remuneration in lieu thereof was paid to claimant, nor was medical attention furnished claimant within the 12 months next preceding the filing of his claim with the Industrial Commission. We, therefore, hold that the claim was not filed in time and that the Commission erred in awarding the claimant compensation.

"The question of whether a claim for compensation has been filed within the statutory period, as provided by Section 43, Title 85 O.S.1951, is a jurisdictional question which will be reviewed independently by this court, which will examine and weigh the evidence and make its own independent findings of fact in relation thereto." Gardner v. R. V. Dillard Drilling Company, Okl., 290 P.2d 139, 140.

The order of the Commission is vacated and cause remanded to the State Industrial Commission with directions to dismiss the claim.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

CORN, V. C. J., dissents.