Marvin C. BOWLING, Petitioner,

v.

BLACKWELL ZINC COMPANY, Incorporated, Own Risk, and the State Industrial Commission, Respondents.

No. 38713.

Supreme Court of Oklahoma.

Dec. 22, 1959.

James Duley, Ponca City, for petitioner.

Felix Duvall, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Marvin C. Bowling, claimant, against Blackwell Zinc Company, employer, to obtain a review of an order of the State Industrial Commission denying an award, on ground that the claim was barred for want of prosecution within five years under provisions of House Bill 612, S.L.1953, p. 430 (Title 85 O.S.Supp.1957, Sec. 43). The statute reads, as follows:

"When a claim for compensation shall have been filed with the Commission as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under this Act

and shall be dismissed by the Commission for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore filed and now pending before the Commission shall likewise be barred after the expiration of five (5) years from the effective date of this provision."

The injury was sustained on February, 1953, and claimant's first notice of injury (Form No. 3) was filed March 21, 1953, alleging "back sprain". Respondent filed "Employer's Report of Initial Payment of Compensation" (Form No. 6) on March 21, 1953. The attending physician filed two reports (Form No. 4) with the commission, one on March 25, 1953, and one on March 28, 1953. A stipulation and receipt (Form No. 7) showing payment of $50 as temporary compensation by employer to claimant for a period ending about March 23, 1953, was filed on March 26, 1953, signed by employer and claimant but not approved by the commission. On August 14, 1958, claimant filed a second Form No. 3, re-alleging the same injury as in the first notice except for the description "fractured back" in the later notice rather than "back strain" as alleged in the earlier notice. Hearing was held on September 25, 1958, which resulted in the above-mentioned order, in which the commission found that claimant sustained an accidental injury as alleged, but that the claim was barred under the above-cited statute.

█ Claimant's first contention is that the furnishing of medical treatment by employer is sufficient to toll the statute, and that the finding of the commission that the employer furnished no further medical treatment after March 26, 1953, is contrary to law and the evidence. Our conclusion on this contention disposes of our review, rendering it unnecessary to consider claimant's other contentions.

It is well settled that the furnishing of medical treatment to a claimant by his employer in connection with the injury is the equivalent of the payment of compensation, and tolls the statute. Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381.

The evidence of claimant pertinent to his first contention may be summarized, as follows: After describing the accident, which was witnessed by his "boss", "they" sent him to Dr. W., the regular company doctor, who examined claimant, took x-rays, gave him some pain pills, and fitted him with an orthopedic belt, which claimant wore continuously after 1953. Dr. W. and Dr. B. (the latter being claimant's family doctor) gave him light treatments for his back in 1954, 1955 and 1956. After Dr. W. left town in 1957, Dr. B. continued the light treatments in 1957. Dr. S. examined claimant's back in 1956 and treated his back in 1957. In February, 1958, claimant was sent to Dr. S. by his employer, who fitted claimant with another orthopedic belt and gave him some pain pills.

Dr. G., who examined claimant on behalf of employer, and whose report appears as "Respondent's Exhibit No. 1", stated in "History", as follows:

"On 26 February, 1953, the 'dog leg broke off the pan', and he lunged forward striking his abdomen on the dog leg, which in turn threw him backward across a railroad track. He states that he was unable to straighten up for a week. Dr. White, Blackwell, treated him for a back sprain. He also placed himself concurrently under the care of Dr. Barnes, Chiropractor. After approximately six weeks he was able to return to work in an orthopedic lumbar belt. He continued to have multiple episodes of low back pain on slight exertion. *During the ensuing years he was treated sporadically for this condition.* In July, 1957, he was examined by a Dr. Bowman in Wichita and told that he had an old fracture of the back. In

February, 1958, because of continued back pain he was fitted with an Orthopedic Belt by Dr. Sheldon of Blackwell." (Emphasis added.)

Dr. G's final diagnosis was:

"1. Fracture, Compression, of the body of L. 2 vertebra, old, well healed.

"2. Osteoarthritis of the lumbar spine, moderate degree.

"Permanent and Total Disability to the body as a whole: 10% (ten percent)."

The only evidence offered by employer, other than the report of Dr. G., was the testimony of D. F. Kent, of employer's personnel department, none of which is pertinent to the question under consideration.

It is not denied that claimant was fitted with an orthopedic belt for a back condition by Dr. S. in 1958, and that Dr. S. was employer's doctor. Employer argues that such medical treatment was furnished to claimant without knowledge that it was in connection with the injury in 1953. As previously mentioned, a Form No. 3 was on file at the commission alleging a back injury in 1953, the treatment was furnished for a back condition, and there is no evidence or suggestion that claimant had any other back injury, or infirmity, for which such medical treatments were given.

After reviewing all the pertinent evidence, we are of the opinion and hold that the commission's finding that the employer furnished no further medical treatment after March 26, 1953, is not supported by any competent evidence. Gardner v. R. V. Dillard Drilling Company, Okl., 290 P.2d 139.

Order denying award vacated and case remanded for further proceedings in conformity with this opinion.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

HALLEY and BERRY, JJ., dissent.