## CONTINENTAL OIL CO. et al. v. WILKERSON.

No. 23696.   Opinion Filed June 6, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., Henry S. Johnston, and J. F. Murray, for respondent.

BUSBY, J.   This is an original proceeding instituted in this court in which the petitioners, Continental Oil Company and U. S. Fidelity & Guaranty Company, seek to vacate an award by the State Industrial Commission in favor of Wm. O. Wilkerson, as claimant.   Parties will be referred to in this opinion as petitioner and claimant, respectively.

It appears that on the 13th day of August, 1929, the claimant received an accidental injury arising out of and in the course of his employment.   The nature of the injury was described in his complaint filed before the State Industrial Commission as "Nose crushed, ligaments in legs injured and disfigurement of the face."   The record does not show that any claim was filed for this injury before October 11, 1930, which was almost 14 months from the date of the injury.

At the hearing before the Industrial Commission, testimony of various witnesses was introduced, and on the 10th day of May, 1932, the State Industrial Commission made an order and award finding that the claimant had suffered temporary total disability from the date of the accident to November, 1, 1929, for which temporary total disability the claimant had been paid compensation; that, as a further result of said injury, the claimant had suffered permanent partial disability, and was entitled to compensation under the residuary clause of section 7290. C. O. S. 1921, and was also entitled to an award for serious and permanent disfigurement.   It is the contention of the petitioners that the State Industrial Commission was without jurisdiction to enter the award by reason of provisions of section 7301, C. O. S. 1921, which statute provides that claims for compensation shall be filed within one year after the injury.   In answer to this contention the claimant urges that the payment of compensation up until and including November 1, 1931, operated to extend the period for filing the claim.   The petitioners in reply to this contention on the part of the claimant urge that the payments made to the claimant were for salary and not for compensation.   They contend, also, in support of this position that a mistake was made by the employer and that the department which had charge of issuing the checks' was not notified of the injury to the claimant.   It appears, however, from the record that the checks in question were delivered to the claimant at his place of residence during the period of his disability; that he was visited by a representative of the insurance company, one of the petitioners herein, during such disability, and it also appears he signed a claim to be sent to the State Industrial Commission, which apparently the State Industrial Commission did not receive, or if it was received, it became misplaced.   We deem it unnecessary to burden this opinion with a further detailed statement and review of the evidence introduced.   It is sufficient to observe that on the question of whether the money paid to the claimant was for compensation for his injuries or salary there was a sharp conflict in the evidence before the Commission. This presented to the Commission a question of fact, upon which it was specifically determined in the order of the Commission that the amount paid was for compensation. There being a dispute in the evidence on a question of fact, the finding of the Industrial Commission is conclusive upon this court as to such fact. Nash-Finch Co. et al. v. Harned et al., 141 Okla. 187, 284 P. 633.   The payment of the compensation during the period of time operated to extend the time within which a claim could be filed before the Industrial Commission. Atlas Coal Co. v. Corrigan et al.,

148 Okla. 36, 296 P. 963; and upon the authority of that case, the award of the Commission is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J.. and OSBORN, J., absent.