**INDIAN DRILLING MUD COMPANY and Houston Fire and Casualty Company, Petitioners,**

v.

**John R. McGREW and the State Industrial Commission, Respondents.**

No. 37625.

Supreme Court of Oklahoma.

May 21, 1957.

Looney, Watts, Looney & Nichols, Oklahoma City, for petitioners.

Carl E. Moslander, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On April 24, 1956, John R. McGrew, respondent herein, filed a claim for compensation against his employer, Indian Drilling Mud Company, and Houston Fire and Casualty Company, its insurance carrier, petitioners, herein, in which he stated that on July 20th or 21st, 1953, while in the employ of petitioner Indian Drilling Mud Company he sustained an accidental injury consisting of an injury to his eye (which the evidence shows was then blind) necessitating removal of the eye and causing permanent disfigurement. The injury occurred when a bug flew into his eye. Petitioners, in their answer, rely as a defense upon a general denial and affirmative plea of limitation.

The trial commissioner found that on July 2, 1953 (the evidence shows July 20 or 21, 1953) respondent, while in the employ of petitioner, Indian Drilling Mud Company, sustained an accidental injury consisting of an injury to his left eye; that he lost no compensable time as a result of his injury and was not entitled to temporary total disability compensation. The trial commissioner further found:

"That claimant had lost the sight of his left eye many years prior to said injury, but as a result of said injury the eye had to be removed, resulting in permanent disfigurement, for which claimant is entitled to compensation in the sum of $500.00, which should be paid to him in a lump sum at this time; that claimant is also entitled to be reimbursed for all reasonable and necessary medical and hospital expense incurred in having the eye removed.

"That claimant's claim for compensation was not filed until April 24, 1956, but respondent waived the one year Statute of Limitations by authorizing him to report to respondent's doctor for further medical care in February, 1956."

Upon such findings the commissioner entered an award in favor of respondent, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review the award. The principal contention is that respondent did not file his claim within one year after he sustained his injury, nor did he file it within one year after the last date upon which treatment was voluntarily furnished him by his employer or insurance carrier, and the claim is, therefore, barred by limitation.

There is little, if any, dispute in the evidence. Petitioners concede that respondent sustained an injury to his left eye in the manner and time stated in his claim.

Respondent, in substance, testified he was in the employ of respondent Indian Drilling Mud Company on the date he sustained his injury; he was then employed as a warehouse and truck superintendent; he had lost the entire sight of his left eye long prior to the date he received his injury; and at that time could see nothing out of the eye. The injury occurred while he was engaged in traveling in a truck on his way from Texas to Oklahoma City; that he was making the trip in the performance and in connection with the duties of his employment. The injury occurred near Waurika, Oklahoma, when a bug flew into his eye. Several days after he returned to Oklahoma City he noticed the eye was red and swollen, and had begun to pain him. On July 25, 1953 he called upon Dr. R who examined the eye and advised its removal. He then notified Mr. Ross, the company superintendent, of his injury and was told to see a doctor. He informed Mr. Ross that he had seen a doctor, and was advised to return to the doctor for further examination. On July 27, 1953 he saw the doctor who again advised him the eye should be removed. He informed Mr. Ross what the doctor had told him, and Mr. Ross advised him to have the eye removed. Respondent did not at that time consent to the removal of the eye, but told Mr. Ross that he would wait a while and see what occurred; that the removal of the eye was a serious operation and he did not wish to undergo the

operation unless absolutely necessary. Mr. Ross, however, informed him if such was the advice of the doctor to go ahead and have the eye removed. He did not see the doctor again relative to the eye, or take any treatment for the eye, until the 14th day of February, 1956. When he returned to the doctor he was placed in the hospital and the eye removed the next day.

Mr. Ross testified he was executive president of the Indian Drilling Mud Company, and that he was the employer of respondent, John R. McGrew. McGrew was employed as a warehouse and truck superintendent; that in July, 1953 respondent had an injury to his left eye. Several days thereafter he observed respondent and noticed a swelling in his eye. Respondent informed him that it was caused by a bug flying into the eye. He then told respondent to see a doctor and have the eye treated. On several occasions after respondent's visit to the doctor he observed respondent, and his eye was still sore and swollen and bothering respondent considerably. Mr. Ross further testified that he thereafter personally called upon the doctor, and was advised respondent's eye should be removed. He again urged respondent to have the eye removed but respondent at that time did not consent to do so. He further testified that he kept urging respondent to have the eye removed and finally, on February 4, 1956, he persuaded him to do so, and respondent returned to the doctor and had the eye removed. Mr. Ross further testified:

"Q. Mr. Ross, between the time of this last injury—alleged injury—back in July of '53, and the time the eye was removed by Dr. Robertson, can you tell the court how often you were aware of any trouble Mr. McGrew was having with reference to that eye? A. Well, sir, as I say, I noticed this and wanted him to do something about it. I kept telling him he should go get something done on it because it was interfering with his work to some extent. He couldn't get around the country and check these warehouses as he should have, and I was constantly aware of it you might say. We had a number of discussions on it, I can't say how many, but we discussed this frequently."

Dr. R, who examined and removed respondent's eye, testified he first saw and examined respondent on July 25, 1953. He obtained a history of the case from respondent which, as stated by the doctor, is substantially as testified to by him. Examination disclosed that the eye was quite red and inflamed, and the eye was then blind. He saw him again on July 27, 1955, and the eye was still red and causing respondent a great amount of discomfort. He did not see respondent again until February 14, 1956, when he was placed in the hospital and the next day, February 15, 1956, the eye was enucleated. At that time he was treating respondent as a private patient. The doctor further testified he thought it probable the injury sustained by respondent to his eye may have been partly responsible for the continued inflammation which the eye suffered for the past three years. The doctor rendered a bill in the sum of $8 to respondent's insurance carrier covering his examination made on respondent's eye on the 25th and 27th days of July 1955, which we presume has been paid. The bill for the operation was presented to respondent McGrew.

■ This in substance constitutes the evidence in the case. We think it sufficient to sustain the award. The evidence discloses that Mr. Ross, Executive President of the Indian Drilling Mud Company, knew that respondent sustained an injury to his left eye in 1953; knew it was necessary to remove the eye, and constantly and repeatedly urged him to have the eye removed until on February 4, 1956, respondent was persuaded to have this done, thus during all this time evidencing a conscious recognition of liability on his part for respondent's injury. We think by such act and conduct he waived the statute of limitations, and the Commission ruled correctly in so holding. Heretofore we have held that an employer and insurance carrier may

waive the requirements of 85 O.S.1951 § 43, providing a claim for compensation under the Workmen's Compensation Act must be filed with the Commission within one year after the injury, Johnson v. Miller, 161 Okl. 31, 16 P.2d 1083.

Petitioners further contend the evidence is insufficient to sustain the award as to disfigurement. They refer to the evidence of respondent, in which he states that the artificial eye inserted looks better than the eye that was in there before. It is apparent, however, that in so testifying he referred to the eye as damaged by the accident, and not to the condition of the eye prior to the accident. This contention is without substantial merit.

Award sustained.

DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.