OKLAHOMA CITY, a Municipal Corporation, Own Risk, Petitioner,

v.

C. L. HARDY, and The State Industrial Commission, Respondents.

No. 38053.

Supreme Court of Oklahoma.

Nov. 12, 1958.

**14**

A. L. Jeffrey; Municipal Counselor, George E. Dane, Asst. Municipal Counselor, Oklahoma City, for petitioner.

Schwoerke & Schwoerke, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On July 9, 1957, C. L. Hardy, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by the City of Oklahoma City he sustained an accidental injury arising out of and in the course of his employment on the 11th day of August, 1948, when he fell from a ladder. The State Industrial Commission entered an award for 30 per cent disability to the body as a whole and this proceeding is brought by the City of Oklahoma City, own risk, hereinafter called petitioner, to review the award.

The record discloses that claimant sustained a serious injury when he fell from a ladder on August 11, 1948. The chief injury for which he was constantly treated until April 15, 1955, was a lower broken jaw. He was also treated and given surgery by Dr. B. for other injuries sustained in the same accident. The jaw injury finally resulted in a removal of all teeth and a correction of the injured jaw so that claimant was able to wear dentures and a complete set of dentures was furnished August 24, 1949. On April 11, 1955, Dr. H., who had done all of the former dental work, furnished claimant a new lower denture. Petitioner concedes treatment within the Workmen's Compensation Law up to and including April 11, 1955.

On April 1, 1957, Dr. H. re-contoured claimant's lower denture because of pain in the jaw. The attorney for petitioner asked Dr. H. as to why this item of work done on April 1, 1957, was not included in his original report. Dr. H. testified that in his original report he did not include this item and it was inserted at a later date. Regarding the item the doctor stated:

"This is my original report. And it was thought that I should have included on that report, the fact that I had Mr. Hardy under almost continuous treatment ever since the accident, for which no bill was rendered. And I have seen him whenever he needed help."

Petitioner argues that because the services for which petitioner paid were rendered prior to and only up to April 11, 1955, there was no authorized medical attention furnished thereafter. We do not agree. Dr. H. testified that he treated and examined claimant five or six times a year after the accidental injury.

We have held that the one year period of limitation provided by 85 O.S.1951 § 43, for filing a claim is tolled during the time the employer voluntarily furnished claimant with medical attention. Bethlehem Supply Co. v. Armbrister, Okl., 316 P.2d 588; S. W. Anthony Estate, v. Young, 208 Okl. 289, 255 P.2d 496; and Wilcox Oil Co., v. Fuqua, 203 Okl. 391, 224 P.2d 255.

Petitioner argues that the only treatment after April 11, 1955, was rendered as a

moral duty and was based principally on the fact that Dr. H. had been claimant's personal dentist since 1938. The testimony of the doctor is to the contrary. He testified that the service rendered to claimant after April 11, 1955, was a part of the treatment for which the dentist had been paid by petitioner. He further testified he was authorized to continue the treatment for claimant; that there would be further treatment which would require a fee as time goes on; that he was instructed by Jim Barnett that he wanted claimant rehabilitated and that whatever was necessary he wanted done. Jim Barnett also testified that he at the time was assistant counselor for petitioner and that it was part of his duties to send injured employees for treatment. He also stated that it was the policy of the City at that time not to follow strictly the Workmen's Compensation Law but to try to rehabilitate the injured employee.

Petitioner also argues there was no authority given by the petitioner for the reason Jim Barnett was not authorized to contract with Dr. H. after April 11, 1955. The evidence shows that petitioner delegated workmen's compensation cases to Jim Barnett and it did not deny his authority to make the original arrangements for both Dr. H. and Dr. B. The Workmen's Compensation Law renders the employer liable for treatment for an injured employee and since petitioner had already contracted for such treatment it was likewise liable for any further necessary treatment until claimant was released. Wilcox Oil Co., v. Fuqua, supra. The record does not disclose that petitioner objected at any time to any necessary treatment given to claimant by Dr. H.

Petitioner also argues that Dr. H. was not exercising the authority given him in the treatment of claimant after April 11, 1955. We find this argument without serious merit. What has been said above covers this proposition.

A review of the evidence discloses that the claim was filed within one year after medical treatment authorized by petitioner and is not barred by the statute of limitations. 85 O.S.1951 § 43.

Award sustained.