CALIFORNIA COMPANY, a corporation, and American Automobile Insurance Company, a corporation, Petitioners,

v.

STATE INDUSTRIAL COURT and George Dick Spraker, Respondents.

No. 38705.

Supreme Court of Oklahoma.

March 22, 1960.

Val R. Miller, Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, for petitioners.

A. Camp Bonds, Muskogee, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 18th day of March, 1959, George Dick Spraker, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment on August 16, 1956, while in the employ of The California Company, a corporation, employer. The State Industrial Court entered an award for $3,240 permanent partial disability, and this proceeding is brought by the employer and its insurance carrier, American Automobile Insurance Company, a corporation, to review the award.

The record discloses that claimant was a lease man and on August 16, 1956, was in an automobile wreck near Laramie, Wyoming, and sustained a serious injury to his foot and other portions of his body. He was paid $389.60 total temporary disability under the Wyoming Workmen's Compensation Law, W.S.1957, § 27–48 et seq. He returned to work in December of 1956 and worked for the same company until the end of that year. In October, 1957, he made a trip to Wyoming to attend a trial of some other parties involved in the wreck. This trip was made at the request of the employer. Claimant conferred thereafter with two officials of employer relative to settlement of the permanent disability. There were consultations between him and employer and its agents as to whether it would be more practical to proceed under the Wyoming Workmen's Compensation Law or the Oklahoma Compensation Act. Finally, on consultations with counsel in Oklahoma, claimant advised employer that claimant expected to proceed in Oklahoma. In April and May of 1958, after exchange of letters, claimant was examined by Dr. M. in Oklahoma City at the direction of employer, and on May 26, 1958, a report was made by Dr. M. There was further correspondence between counsel for claimant and employer, and the matter was handled for the employer by Mr. Chastain of Oklahoma City. This

correspondence culminated in August of 1958 by a letter apparently written by Mr. Chastain for the employer on August 13, 1958, in which it was stated that the statute of limitations had run against any claim. During this correspondence it was brought to light that claimant was asking $3,000 in settlement of the permanent disability, and that the employer was offering to settle for $1,000. After the correspondence in August in which the employer stated that the statute of limitations had run, claimant filed his claim in Oklahoma, and upon a hearing obtained the award above mentioned.

Petitioners present the single issue that the claim is barred by 85 O.S.1951 § 43. The cases applicable are: Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460; Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255; Indian Drilling Mud Company v. McGrew, Okl., 311 P.2d 247; and Bethlehem Supply Company v. Ambrister, Okl., 316 P.2d 588.

In Domestic Laundry and Dry Cleaning Co. v. Weston, supra, it was held that where the evidence showed without dispute that the employer furnished claimant with medical treatment from the date of the injury to a fixed date and the claim was filed within one year thereafter, it was filed within time.

In Wilcox Oil Co. v. Fuqua, supra, we held that reporting to a doctor who was giving treatment to claimant for the purpose of determining whether or not further treatment should be given tolled the statute.

In Bethlehem Supply Co. v. Ambrister, supra, it was held that sending claimant to a doctor for examination was such action on the part of the employer as would toll the running of the statute.

■ Petitioners argue that mere sending claimant to Dr. M. and the examination by Dr. M. for the purpose of determining the extent of disability did not toll the statute. The agreement to send claimant to be examined by Dr. M. and the payment of the expenses in connection there-

with was but a continuation of the conscious recognition of the liability for the disability resulting from the accidental injury of August 16, 1956. Until the correspondence of August, 1958, at no time was it disputed that the employer was liable for any disability resulting from the accidental injury.

■ In Indian Drilling Mud Company v. McGrew, supra, it is stated:

"The requirement of 85 O.S.1951, § 43, that the right to claim compensation under the Workmen's Compensation Act shall be forever barred unless within one year after the injury a claim for compensation shall be filed with the State Industrial Commission may be waived by the employer and the insurance carrier and held under the evidence in this case the statute was waived."

There was no error in holding the claim was not barred by the statute of limitations.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.