2009 OK CIV APP 4

**Jerry E. MATTHEWS, Petitioner,**

v.

**GENERAL MOTORS and The Workers' Compensation Court, Respondents.**

**No. 105,864.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 12, 2008.

W.C. Doty, The Bell Law Firm, Norman, OK, for Petitioner.

Mark E. Duvall, Holloway, Dobson & Bachman, Oklahoma City, OK, for Respondents.

BAY MITCHELL, Vice–Chief Judge.

¶ 1 Workers' Compensation claimant Jerry E. Matthews ("Claimant") seeks review of an Order of the Workers' Compensation Court, which denied Claimant's request and application based upon a change of condition for the worse because it was time-barred pursuant to 85 O.S. Supp.2005 § 43(C).[1]

¶ 2 The parties stipulated to a statement of facts, which is contained in the Workers' Compensation Court's Order of April 25, 2008. The statement of stipulated facts provides as follows:

> The claimant in this matter sustained an injury to his right foot on March 19, 1995 when he fell down the stairs at work. As a result of this injury, the claimant was seen by Dr. Raymond Smith who performed a fusion surgery to the claimant's right foot. The claimant later saw Dr. Paul Kammerlocher due to a non-union of the fusion. On November 27, 1996, the Oklahoma Workers' Compensation Court entered a Form 14 Order awarding the claimant 45% permanent partial disability to the right foot. Subsequent to that time, the claimant returned to Dr. Kammerlocher on September 11, 1997. At that time, Dr. Kammerlocher diagnosed a continued non-union of the original fracture and recommended additional surgery. The claimant declined surgery at that time. On March 30, 2000, the claimant did undergo additional surgery under the care of Dr. Kammerlocher. The claimant continued to see Dr. Kammerlocher on a periodic basis for the next several years. On November 15, 2004, the claimant returned to Dr. Kammerlocher and a fusion of the claimant's right foot was recommended. Treatment continued until November 14, 2005, which was all paid for by respondent's workers' compensation insurance carrier. On October 27, 2006, the claimant filed a Form 3 alleging an injury which occurred on or about May 1, 1995. As the claimant had previously settled this injury by way of a Form 14 Agreement, the two claims were consolidated by the Workers' Compensation Court. The claimant subsequent to the consolidation of the claims, has alleged a change in condition for the

---

1. "The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case." 85 OS. Supp.2005 § 43(C).

worse. The respondent, General Motors, has alleged that the attempt to reopen this claim is barred by Title 85, Section 43(C). . . .

¶ 3 The Workers' Compensation Court entered an Order finding 85 O.S. § 43(C) "is the controlling statutory law relative to a claim seeking to re-open based upon a change of condition for the worse." The Order further determined "the last Order in this matter was file stamped NOVEMBER 27, 1996. The claimant, on or about October 27, 2006, filed a Form 3 alleging an injury of May 1, 1995, and subsequent thereto changed the relief sought to a 'change of condition for the worse.' That these dates are outside the three (3) year period to file for a change of condition for the worse ... [and] for the reasons stated ... claimant's request and application for change of condition for the worse is DENIED because it is barred by [§ 43(C)]." Claimant appeals from this determination.

¶ 4 Claimant argues the matter is not time-barred because the Respondent, General Motors ("Employer"), by furnishing medical treatment up to November 14, 2005, has tolled the statute of limitations. We disagree.

¶ 5 The Workers' Compensation Court correctly applied § 43(C), which is the specific statute of limitations applicable upon a claimant's attempt to reopen a claim upon an alleged change in condition for the worse. This statutory provision limits the Workers' Compensation's jurisdiction to reopen any cause upon a change in condition for the worse to **"three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred."** 85 O.S. § 43(C) (emphasis added). Claimant seeks to have us ignore the specific statute and rather, argues the applicability of the general statute of limitations provision of § 43(A) and case law construing the statutory predecessor thereof as authority for the proposition that the furnishing of medical treatment outside the statutory period tolls the statute of limitation.[2] Where two statutes may be construed to apply to the same subject matter, one specific and one general, the specific statute controls. *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231; *Pickett v. Dep't of Human Services,* 1996 OK CIV APP 142, ¶ 6, 932 P.2d 543, 545.[3] The rules of statutory construction clearly lead to the application of § 43(C), which is the specific statutory provision on the issue of the statute of limitations applicable to the reopening of claims based upon a change in condition for the worse.

¶ 6 Regarding Claimant's argument that Employer's furnishing of medical treatment tolls or waives the statute of limitations, we note that the Court of Civil Appeals has determined there is "no Oklahoma authority applying the 'medical treatment', rule to toll the limitation period prescribed by § 43(C) for commencement of a reopening proceeding." *Pickett,* 1996 OK CIV APP at ¶ 7, 932 P.2d at 545. Therefore, the Court held that the employer in *Pickett* did not waive its statute of limitations defense by payment of medical or disability benefits, and further held "the periods prescribed by § 43(C) for commencement of a reopening proceeding not tolled thereby." *Id.* Additionally, the Court in *Pickett* noted the "[t]imely filing of a motion to reopen is jurisdictional under the express language of § 43(C), and without jurisdiction the Workers' Compensation Court may not act." *Id.* at § 12, 932 P.2d at 546.

¶ 7 Pursuant to the pronouncements in *Pickett,* we hold the statute of limitations of § 43(C) applicable to the commencement of a reopening proceeding were not tolled by Employer's payment of medical treatment until

---

2. Claimant cites *Smedley v. State Industrial Court,* 1977 OK 55, 562 P.2d 847 as the "controlling case in this matter." *Smedley* involved the application of the 1971 version of 85 O.S. § 43, which is the statute of limitations generally applicable to the filing of workers' compensation claims, which can be tolled or waived by the furnishing of medical treatment. *Id.* at ¶ 12, 562 P.2d at 851.

3. Additionally, later-enacted legislation constitutes the most recent expression of legislative will and controls over earlier-enacted provisions. *Pickett,* 1996 OK CIV APP 142, ¶ 6, 932 P.2d at 545.

November 14, 2005. Further, given the untimely filing of the reopening proceedings, we find Claimant failed to invoke the Workers' Compensation Court's jurisdiction. We therefore hold the trial court did not err in denying Claimant's request and application for change of condition for the worse.

¶8 SUSTAINED.

BUETTNER, P.J., concurs, and HANSEN, J., (sitting by designation), dissents.