2009 OK 17

**Robert LANG, Petitioner,**

v.

**ERLANGER TUBULAR CORP., CNA Insurance Group, and the Workers' Compensation Court, Respondents.**

No. 105,513.

Supreme Court of Oklahoma.

March 10, 2009.

Michael C. Bell, The Bell Law Firm, Norman, OK, for Petitioner.

Amanda K. Smallwood, Pierce, Couch, Hendrickson, Baysinger and Green, L.L.P., Tulsa, OK, for Respondents, Erlanger Tubular Corp., and American Casualty Company of Reading PA.[1]

---

**1.** The order of the Worker's Compensation Court filed on January 18, 2008, reviewed in this matter, captions CNA Insurance Group as the insurance carrier. There is no document in the record which demonstrates a substitution or change of insurance carrier.

COLBERT, J.

¶ 1 This matter addresses the timeliness of a worker's application to reopen his workers' compensation claim based on a change of condition for the worse under section 43(C) of the Workers' Compensation Act, Okla. Stat. tit. 85, §§ 1 through 211 (2001 & Supp. 2008). This Court determines that the worker's request was time barred.

¶ 2 Claimant, Robert Lang, suffered a compensable injury to his knee on June 12, 2001, in his employment with Erlanger Tubular Corp. (Employer). He was adjudicated permanently and partially disabled by an order filed on July 1, 2003. The order provided for continuing medical maintenance. That adjudication was followed on July 8, 2003, by an Order for Vocational Examination.

¶ 3 At a time not fully revealed by the record on appeal, Claimant's medical condition worsened. In October, 2006, surgery was performed on the knee to remove loose bodies from the joint and also for traumatic chondromalacia. An infection developed and Claimant underwent additional surgery in November, 2006. Employer's insurance company paid for the surgeries. It was not until May 15, 2007, however, that Claimant filed a Form 9 to reopen his claim based on a change of condition for the worse.

■ ¶ 4 The Workers' Compensation Court denied Claimant's "Motion to Reopen" based on "the statute of limitations." The Court of Civil Appeals sustained the order and this Court granted certiorari review to hold that an application to reopen a claim for change of condition for the worse is controlled by section 43(C) which does not contain the "medical treatment rule" found in section 43(A).[2] As a result, Claimant's application to reopen the claim is time barred.

## ANALYSIS

■ ¶ 5 This matter seeks a construction of a statute and therefore it presents an issue of law. As such, it is reviewed de novo. *See Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

¶ 6 Section 43 of the Workers' Compensation Act contains two provisions which impact this matter. Section 43(A) provides a two-year limitations period for the filing of a worker's claim for compensation. That period begins with the date of injury or from "the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation." Okla. Stat. tit. 85, § 43(A) (Supp.2008). Thus, the Oklahoma Legislature has expressly incorporated what the parties term a "medical treatment rule" into the text of the limitation period for the filing of a claim for compensation.

¶ 7 Section 43 contains a separate time limitation for reopening a claim for compensation based on a change in medical condition for the worse. The current version of section 43(C) requires such an application to be filed within three years "from the date of the last order."[3] No medical treatment rule is expressed concerning an application to reopen a claim for a change of condition for the worse. Claimant argues, however, that although "no Oklahoma court has applied the 'medical treatment' rule to toll the limitations period prescribed by Section 43(C) ... this Court should apply that rule when a[n] em-

2. The current version of the statute as amended effective July 1, 2005, provides:

    A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last medical treatment which was authorized by the employer or the insurance carrier or payment of any compensation or remuneration paid in lieu of compensation. . . .

   Okla. Stat. tit. 85, § 43(A) (Supp.2008).

3. The current version of the statute as amended effective July 1, 2005, provides:

    C. The jurisdiction of the Court to reopen any cause upon an application based on a change of condition for the worse shall extend three (3) years from the date of the last order and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

   Okla Stat. tit. 85, § 43(C) (Supp.2008).

ployer voluntarily pays for medical treatment...."

¶ 8 "The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used." *Wylie v. Chesser*, 2007 OK 81, ¶ 19, 173 P.3d 64, 71 (quoting *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 5, 829 P.2d 15, 20). "It is the duty of courts to give effect to legislative acts, not to amend, repeal or circumvent them. A court is not justified in ignoring the plain words of a statute." *Smalygo v. Green*, 2008 OK 34, ¶ 11 n. 4, 184 P.3d 554, 559 n. 4 (quoting *Allgood v. Allgood*, 1981 OK 21, ¶ 19, 626 P.2d 1323, 1327).

¶ 9 Beginning in the 1930's, this Court articulated a medical treatment tolling rule to the filing of a workers' compensation claim. *Thompson v. Anchor Glass Container Corp.*, 2003 OK 39, ¶ 10 n. 16, 73 P.3d 836, 838. Later, the Legislature incorporated the rule into the text of the time bar for the initial filing of a compensation claim. This Court has never held that the medical treatment rule is applicable across-the-board to all time bars in workers' compensation. It spoke only to the initial filing of a claim.

¶ 10 The Legislature eventually drew a distinction between a "claim for compensation," as that term is used in section 43(A), and an "application to reopen a claim" in section 43(C) by enacting two separate provisions. It treated the provisions very differently when it incorporated the medical treatment rule into the text of section 43(A) but chose not to incorporate that same rule into section 43(C). But the Legislature went further. In section 43(C) it expressed its intent to limit specifically "[t]he jurisdiction of the [Workers' Compensation] Court to reopen any cause" based on a change of condition to three years from "the date of last order." In

doing so, the Legislature could not have more clearly expressed its intent.[4]

¶ 11 The section 43(C) time bar is a statement of legislative intent that is contrary to its acceptance of the judicially created and legislatively adopted medical treatment rule contained in section 43(A). This Court is not at liberty to apply a medical treatment rule to the time bar of section 43(C) and thereby contravene the Legislature's unambiguous limitation on the jurisdiction of the Workers' Compensation Court to reopen a claim.

¶ 12 This Court is not free to ignore the Legislature's expressed intent by imposing an adverse judicial "gloss." The statutory time bars contained in the Act are not one entity. They involve different demands for action by the Workers' Compensation Court and implicate different policies. The need to give effect to an employer's acts that indicate its assumption of liability, such as by providing medical treatment, are not compelling as to an application to reopen an adjudicated claim. The Legislature was free to draw a distinction between the time bar for filing an original claim and the time bar for an application to reopen a claim.

¶ 13 Because the medical treatment rule applies only to the filing of a workers' compensation claim, the parties' arguments as to whether Claimant met the requirements for such a rule do not impact this Court's determination of the timeliness of his application to reopen the claim based on a change of condition for the worse pursuant to section 43(C). An issue remains, however, concerning which version of section 43(C) applies to this matter.

¶ 14 Section 43(C) was amended effective July 1, 2005, to provide for a uniform three-year limitation period and to make the "date of the last order" the sole operative event that marks the beginning of that period. In earlier versions of section 43(C), the limitation period ran from the date of the change of condition. The application to reopen had to be filed within that same limitation period

---

4. "Timely filing of a motion to reopen is jurisdictional under the express language of § 43(C), and without jurisdiction the Workers' Compensation Court may not act." *Pickett v. Oklahoma Dept. Of Human Servs.*, 1996 OK CIV APP 142, ¶ 12, 932 P.2d 543, 546. No Oklahoma authority has applied a medical treatment rule to section 43(C). *Matthews v. General Motors*, 2009 OK CIV APP 4, ¶ 6, 2008 WL 5543901.

from the date of the last order.[5] In addition, the limitation period varied depending on the injury adjudicated. Under the current version, the date of change of condition no longer marks the beginning of the limitation period. However, the date of the change of condition determines which version of section 43(C) applies. "The law governing the reopening of a compensation claim upon a change in condition is that which was in effect at the time the claimant's condition underwent a change, and not the law in effect at the time of the injury or the law in force at the time of the original award." *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 7, 16 P.3d 1120, 1123.

¶ 15 There are three dates which must be determined by the Workers' Compensation Court in applying section 43(C). First, the date of the change of condition must be determined in order to apply the correct version of section 43(C). Second, "the date of last order" must be established to mark the beginning of the limitation period. "[T]he last order means one that substantially affects the monetary, medical, or rehabilitative benefits conferrable by the Act. An order directing . . . a vocational rehabilitation evaluation is one that . . . qualifies as a last order within the meaning of [section] 43(C)." *Id.* ¶ 22, 16 P.3d at 1127 (emphasis omitted). Third, the date of the application to reopen the claim establishes whether it has been filed beyond the limitation period. The need for meaningful judicial review requires that these dates appear in any order from the Workers' Compensation Court which determines the timeliness of an application to reopen a claim upon a change of condition for the worse pursuant to section 43(C). *See Dunkin v. Instaff Personnel*, 2007 OK 51, ¶ 18, 164 P.3d 1057, 1062.

¶ 16 This matter demonstrates the continued relevance of the date of change of condition and the need for a specific on-the-record finding as to that date. Although no date of change of medical condition appears in the record on appeal, Claimant's Brief–in–Chief states that the current version of section 43(C) was in effect at the time of Claimant's change of condition. This is significant because the prior version would have provided 250 weeks from the date of last order in which to apply to reopen the claim and Claimant's request would have been timely.[6] Under the current and applicable version, however, Claimant had three years from the July 8, 2003, "last order" in which to timely apply to reopen the claim.[7] Claimant's application to reopen was not filed until May 15, 2007, and it was therefore barred by the limitation period of the 2005 version of section 43(C). The Workers' Compensation Court did not err in so holding.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT SUSTAINED.

---

5. The 2001 version of the statute was in effect until it was amended in 2005. It provided:

   C. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for two hundred and eight (208) weeks in the case of injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, and unless filed within said period of time after the date of the last order, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

   Okla. Stat. tit. 85, § 43(C) (2001).

6. Confusion was injected into this review proceeding through reference to the wrong version of section 43(C) by the Court of Civil Appeals. The opinion purported to apply the 2001 version of the statute and specifically held that the 2005 amendment did not apply. Under the 2001 version, however, the application to reopen would have been timely. The confusion is particularly curious given Claimant's admission that the shorter limitation period found in the 2005 amendment applies. If the date of Claimant's change of condition had been included in the order of the Workers' Compensation Court or if that court had cited the version of section 43(C) it believed applicable, the risk of confusion by a reviewing court would have been minimized.

7. Claimant's two surgeries were performed outside the three-year limitation period which expired in July, 2006. Therefore, Claimant is asking not only that this Court read a medical treatment rule into section 43(C), but to actually revive his time-barred application based on Employer's voluntary payment for the surgeries.

Concur: EDMONDSON, C.J., TAYLOR V.C.J., HARGRAVE, WATT, WINCHESTER, COLBERT, REIF, JJ.

Dissent: OPALA, KAUGER, JJ.

OPALA, J., dissenting

¶ 1 Today's opinion sustains the Workers' Compensation Court's denial of the worker's claim as untimely. Its pronouncement rests on a construction of the provisions of 85 O.S.Supp.2005 43(C).[1] The court rejects claimant's reliance upon the employer's act of tolling[2] the 3–year time bar, effected by its voluntary payment for claimant's medical care **after** the limitation period's expiration.

¶ 2 It is my view that the employer's act of payment here in contest operated **to erase** the limitation's time bar and **to restart** the § 43(C) period. I hence recede from the court's pronouncement. I would **vacate** the trial tribunal's order and **remand** the cause for further proceedings on claimant's timely-brought reopening application.

# I

## LITIGATION HISTORY

¶ 3 Critical to this public-law[3] controversy are four events—(1) claimant's status adjudication as a permanently partially disabled worker by order filed 1 July 2003, followed by a 8 July 2003 order for his vocational examination; (2) the worsening of claimant's medical condition which resulted in two surgeries—in October and November 2006; (3) **the payment by employer's insurer for those surgeries;** and (4) claimant's 15 May 2007 application to reopen his claim based on

a change of condition for the worse. The applicable statute of limitations, 85 O.S.Supp. 2005 43(C), sets a 3–year time period for filing an application to reopen.[4] That period began to run on 8 July 2003 and expired in July of 2006. The Court of Civil Appeals (COCA) sustained the trial tribunal's denial of claimant's reopening application as untimely. Agreeing with COCA that the trial tribunal's disposition is error-free, **this court holds today that the employer's voluntary payment for claimant's medical care can neither toll the § 43(C) limitations period nor revive a then-expired claim based on a change of condition.**

# II

## EMPLOYER'S VOLUNTARY PAYMENT FOR CLAIMANT'S MEDICAL CARE OPERATED TO BREATHE NEW LIFE INTO A CLAIM THAT OTHERWISE WOULD HAVE BEEN TIME–BARRED

### A.

### *All Workers' Compensation Time Bars are Remedial in Nature And Can Be Lifted By Tolling To Restart The Expired Limitations Period*

¶ 4 The law's time limits for bringing an action are either **remedial** or **substantive.** The former, called statute-of-limitation time bars, extinguish **uninvoked remedies;** the latter destroy **unexercised** or **unasserted** rights. Right-targeting legislative time bars are often referred to as statutes of repose. A claim barred by passage of time set by a

---

1. The terms of 85 O.S.Supp.2005 43(C) provide:

   C. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

2. For the definition of "tolling," see *infra* notes 9 and 23.

3. A worker's quest to receive compensation for an on-the-job injury is a statutory public-law proceeding, not a private dispute. *Yeatman v.*

*Northern Oklahoma Resource Center of Enid,* 2004 OK 27, ¶ 15, 89 P.3d 1095; *Amos v. Spiro Public Schools,* 2004 OK 4, ¶ 7, 85 P.3d 813 (citing *Special Indemnity Fund v. Reynolds,* 1948 OK 14, ¶ 5, 188 P.2d 841, 842); *National Gypsum Co. v. Brewster,* 1969 OK 185, ¶ 22, 461 P.2d 593, 596. When resolving a public-law question, we are free to choose *sua sponte* the dispositive public-law theory although the wrong one is advanced. *Yeatman, supra* at 1101; *Amos, supra* at 816; *Davis v. B.F. Goodrich,* 1992 OK 14, ¶ 3, 826 P.2d 587, 592–93 (Opala, J., concurring).

4. Although the record is silent as to when claimant's condition changed for the worse, **his appellate brief concedes** that the 2005 version of § 43(C) was in effect when the change occurred.

substantive-law bar cannot be resurrected. **An expired right may not be revived.**[5]

¶ 5 No substantive-law time bar is present in any part of this state's compensation law. **All time bars of that law are purely remedial.**[6] If the worker's claim (or any of its components) were affected by a time bar of our substantive law, once the clock had run it could never be set in motion again. Since all compensation-law time bars are merely procedural, each of them can be tolled, even after its full passage, to restart the limitation period that otherwise would result in the extinguishment of the remedy.[7]

¶ 6 **None of the Workers' Compensation Act's time bars** for prosecution of a worker's claim (or any of its components) (a) **has ever been held to lie outside** the remedial arena of limitations or (b) **was ever held to be unaffected** by the impact of limitations that are purely remedial. Unless the Legislature expressly declares its time bar to be of a substantive-law nature (non-remedial), it can always be tolled or waived.[8]

### B.

*Oklahoma's Interpretation Of Limitations Applicable To The Workers' Compensation Act Governs All Components Of A Compensation Claim Unless The Legislature Expressly Declares Otherwise; Jurisprudential Gloss on Statutory Law Constitutes a Part Of Enacted Law Rather Than An Injected Common–Law Component*

¶ 7 Extant jurisprudence announces an across-the-board set of rules holding that the employer's voluntary payment for a claimant's medical care (a) constitutes an employer's conscious recognition of liability and (b) operates to toll or waive the time bar.[9] The

---

5. In those American states which, like Oklahoma, claim to derive their legal system from the English antecedents, there is universal recognition that time limits for forensic vindication of claims fall into two separate categories: those time limits which extinguish only the remedy and those whose passing will bar the very right in the claim. **The former are treated as merely procedural (or remedial) in nature** while **the latter are deemed to destroy the substantive right to the claim.** See *Opala, Praescriptio Temporis and Its Relation to Prescriptive Easements in the Anglo–American Law*, 7 Tulsa L.J. 107 (1971), cited in *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 1984 OK 80, 692 P.2d 1364, 1366–1367. Procedural time bars may be arrested, suspended, interrupted and erased, while **substantive bars are absolute. Passage of the latter time bar is unstoppable. When the full period of time has run, the right is irreversibly destroyed.** A lost remedy, on the other hand, may be revived by an obligor's renewed promise or payment upon the remedially extinguished obligation; when so revitalized, it will rejoin the once-detached but still viable right to become actionable once again. This ancient verity finds repeated expressions in our extant jurisprudence. See *Reynolds v. Porter*, 1988 OK 88, ¶¶ 13–21, 760 P.2d 816, 821–24; *Stephens v. Household Finance Corp.*, 1977 OK 137, ¶¶ 15–16, 566 P.2d 1163, 1166; *Hiskett v. Wells*, 1959 OK 273, ¶ 0 syl. 1, ¶¶ 11–15, 351 P.2d 300, 304; *Trinity Broadcasting Corp. v. Leeco Oil Co.*, supra, 692 P.2d at 1366–1367; *Brookshire v. Burkhart*, 1929 OK 428, 283 P. 571, 577; see Justice Jackson's explanation in *Chase Securities Corporation v. Donaldson*, 325 U.S. 304, 313, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

6. *Thompson v. Anchor Glass Container Corp.*, 2003 OK 39, ¶ 8, 73 P.3d 836, 838; *Trinity Broadcasting Corp. v. Leeco Oil Co., supra* note 5, at ¶ 8, 692 P.2d at 1366–1367; *Munsingwear, Inc. v. Tullis*, 1976 OK 187, ¶¶ 6–7, 557 P.2d 899, 901–02.

7. *Id.*; see extant jurisprudence, *infra* note 9.

8. See extant jurisprudence, *infra* note 9.

9. Oklahoma's extant jurisprudence of long standing attests to this case-law development.

Tolling has been in the mainstream of workers' compensation jurisprudence since the 1930's. It has been allowed where the employer's actions evince a "conscious recognition of liability" for the injury sustained: **(a) by [its] provision of medical treatment**—*Smedley v. State Industrial Court*, 1977 OK 55, ¶ 6, 562 P.2d 847; *Hobart Sales and Service v. Harmon*, 1962 OK 54, 369 P.2d 628; *Oklahoma City v. Hardy*, 1958 OK 264, 332 P.2d 13; *Bethlehem Supply Co. v. Armbrister*, 1957 OK 228, 316 P.2d 588; *Wilcox Oil Co. v. Fuqua*, 1950 OK 164, 224 P.2d 255, 203 Okl. 391; *Domestic Laundry & Dry Cleaning Co. v. Weston*, 1947 OK 384, 190 P.2d 460, 200 Okl. 13; *Oklahoma Furniture Mfg. Co. v. Nolen*, 1933 OK 305, 23 P.2d 381, 164 Okl. 213; *Atlas Coal Co. v. Corrigan*, 1931 OK 31, 296 P. 963, 148 Okl. 36; **(b) by payment for medical treatment**—*California Co. v. State Industrial Court*, 1960 OK 80, 350 P.2d 957; *Continental Oil Co. v. Wilkerson*, 1933 OK 356, 22 P.2d 1004, 164 Okl. 62; and **(c) by other acts in conscious recognition of liability**—*Indian Drilling Mud Co. v. McGrew*, 1957 OK 115, 311 P.2d 247.

*Thompson v. Anchor Glass Container Corp., supra* note 6, at ¶ 10 n. 16, 73 P.3d at 838 (emphasis

doctrine of tolling the limitations period by employer's conduct does not inject an extra-statutory component into the corpus of compensation law.[10] This is so because a court opinion that places a meaning upon statutory language becomes *ipso facto* and *eo instante* a part of the statutory law's text and takes effect simultaneously with the statute's effectiveness.[11] Absent a contrary expression in the Workers' Compensation Act, the very same rule of construction is always applied to like aspects of compensation law.[12]

## C.

### *Jurisprudential Gloss On Limitations Cannot Be Withdrawn by Legislative Silence*

¶ 8 An appellate court cannot, without legislative authority, take separate components of a claim and place them outside the workers' compensation regime. That authority must be expressed by affirmative direction, not by omission or silence. There is here absolutely no basis for deducing from legislative silence in the 2005 version of § 43(C)

any intent to make the settled construction of limitations inapplicable to a reopening claim.[13] Nothing in that statute's text expressly repeals the long-cast statutory construction of remedial time bars' effect. Employer's voluntary payment for claimant's medical care constitutes conscious recognition of its liability, which operates in law as tolling the legally applicable limitations period (a) **by breathing life into a claim** that otherwise would have been time-barred and (b) **by restarting the running of a new three-year limitation period** for reopening a claim on a change of condition. An appellate court would be impermissibly stepping into the role of a legislator if it were allowed to draw meaning from mere statutory omission or silence.

¶ 9 **By not expressly disapproving the jurisprudential construction placed by this court on workers' compensation remedial time limits, the Legislature has put its stamp of approval on this court's past case law on remedial time limits. That past construction, now part and parcel of the statutory text, comes hence before us here**

added). See also *Key Energy Services, Inc. v. Minyard*, 2007 OK 99, ¶ 12, 173 P.3d 1198, 1201–1202. Conscious recognition of liability by employer's conduct **operates to waive the protection of the limitations bar after the statutory time period has expired.** *Smedley v. State Industrial Court, supra*, at ¶ 6, 562 P.2d 847.

10. Neither common-law norms nor those of equity are available to supplement, abridge or alter the Workers' Compensation Act's exclusive provisions that define the outer limit of compensation liability. *Patterson v. Sue Estell Trucking Co., Inc.*, 2004 OK 66, ¶ 11, 95 P.3d 1087, 1089 (citing *B.E. & K. Const. v. Abbott*, 2002 OK 75, ¶ 1, 59 P.3d 38, 46 (Opala, J., concurring in result)). **Although § 43 is a self-containing regime of limitations which cannot be extended by alien concepts of equity or common law** (*Sneed v. McDonnell Douglas*, 1999 OK 84, ¶ 11, 991 P.2d 1001, 1005 n. 16 (citing *McDonald v. Time–DC, Inc.*, 1989 OK 76, ¶ 9, 773 P.2d 1252, 1256 n. 13)), **tolling has long been recognized as a legitimate part in construing that statutory body of law.** See the quoted text in *Thompson v. Anchor Glass Container Corp., supra* note 6, at ¶ 10 n. 16, 73 P.3d at 838.

11. **Statutory gloss placed by the judiciary on enacted law is part of statutory law rather than an injection of common law.** *Special Indemn. Fund v. Bedford*, 1993 OK 60, ¶ 8, 852 P.2d 150,

154; *McDonald v. Time–DC*, 1989 OK 76, ¶ 13, 773 P.2d 1252, 1256–1257; *Lekan v. P & L Fire Protection Co.*, 1980 OK 56, ¶ 5, 609 P.2d 1289, 1292; see also *Rodgers v. Higgins*, 1993 OK 45, ¶ 13, 871 P.2d 398, 406–407. **The common law is distinct from statutory law in that it comes from outside the corpus of enacted law.** It refers not only to the ancient unwritten law of England, but also to that body of law created and preserved by court decisions. *Great Plains Federal Sav. and Loan Ass'n v. Dabney*, 1993 OK 4, ¶ 4, n. 19, 846 P.2d 1088, 1096 (Opala, J., concurring); *McCormack v. Oklahoma Pub. Co.*, 1980 OK 98, ¶ 7, 613 P.2d 737, 740.

12. All components of a workers' compensation claim, including an application for reopening, consist of pressed demands. Every demand, **as a component of the claim,** is governed by some limitation period. The time limits apply across the board and need not be restated in every statutory text that deals specifically with a claim's separate component.

13. *Owings v. Pool Well Service*, 1992 OK 159, ¶ 8 n. 10, 843 P.2d 380, 383; *Special Indem. Fund v. Bedford*, 1993 OK 60, ¶ 8, 852 P.2d 150, 154; *McDonald v. Time–DC, Inc., supra* note 10, at ¶ 13, 773 P.2d at 1256–1257; *Lekan v. P & L Fire Protection Co.*, 1980 OK 56, ¶ 5, 609 P.2d 1289, 1292.

in a state that stands beyond the reach of judicial tinkering.

## III

### THE COURT'S CRITIQUE OF THE ANALYSIS TENDERED BY THIS DISSENT

¶ 10 The court's stubborn refusal to recognize claimant's entitlement to the benefit of tolling by the employer's conscious acknowledgment of liability exposes the most serious flaw in its reasoning. It attributes to the remedial statutory time bar for reopening proceedings a category that the statute does not and cannot claim for itself—that of a substantive-law condition upon the claimant's reopening right rather than that of a garden-variety limitation. **When occupying that position, which is forced upon the court by its rejection of tolling, the court is clearly in error. There is neither statutory nor jurisprudential basis for its view. The reopening time bar applicable here is remedial. Claimant cannot hence be deprived of the benefit of tolling. It is his due because he relies on a purely remedial statutory time limit.**

14. For a discussion of the fusion of law and equity in the United States, see John Norton Pomeroy, A Treatise On Equity Jurisprudence As Administered In the United States of America, vol. 1 §§ 40–41, pgs. 45–52 (5th ed.1941); Henry L. McClintock, Handbook of the Principles of Equity, § 5–6, pgs. 12–16 (2nd ed.1948); Geo. Tucker Bispham, The Principles of Equity, §§ 13–14, pgs. 24–27 (10th ed.1922).

15. Laches is an equitable doctrine that operates to shorten the limitation period. It is invocable as a defense against the tardy prosecution of stale claims not yet barred by limitations. *Hedges v. Hedges*, 2002 OK 92, ¶ 8, 66 P.3d 364, 369; see also *Kelley v. Boettcher*, 85 F. 55, 62 (8th Cir.1898).

16. Limitations may be equitably tolled by a variety of factors that will interrupt, suspend, revise and extend its running. *Matter of the Estate of Speake*, 1987 OK 61, ¶ 13, 743 P.2d 648, 652–653 (ordinary limitations may be tolled); *Thompson v. Anchor Glass Container Corp.*, 2003 OK 39, ¶ 7 n. 13, 73 P.3d 836, 838; *Resolution Trust Corp. v. Grant*, 1995 OK 68, 901 P.2d 807 (the "discovery

### A.

### *The Equitable Doctrines of Tolling and Laches Have Been—since the Merger of Law and Equity—Part and Parcel of Statutory Law of Limitations; To Govern This Case They Need Not Be Included in the Text of Remedial Statutory Time Bars*

¶ 11 Ever since the 19th century merger of law and equity into a single system of judicature,[14] laches [15] and tolling,[16] both doctrines that came from chancery jurisprudence,[17] have remained invocable to assess the impact of remedial time bars upon the continued viability of a claim.[18] Over time, the doctrines came to be accepted as binding rules of construction for computing the time that has run against a claim. No specific legislative authority was ever required or deemed needed to allow either laches or tolling to affect any remedial time period. In the absence of a statute that expressly disapproves of their use, the doctrines are universally applicable. This view has been reflected in Oklahoma's jurisprudence since statehood.[19] Tolling has also been included as a rule for construction of remedial time bars in the workers' compensation law in the same manner as the doctrine stood adopted generally.[20] No express legislative authorization was ever deemed necessary for incorporating the doc-

rule" allows the limitations period in tort cases to be tolled); *Reynolds v. Porter, supra* note 5, at ¶¶ 13–21, 760 P.2d at 821–24; *Lester v. Smith*, 2008 OK CIV APP 97, 198 P.3d 402, 403–404. See generally 1 J. Pomeroy, Equity Jurisprudence §§ 16–17, 51 (5th ed.1941); see also J. Story, Equity Jurisprudence § 529 (2d ed. 1892).

17. See *supra* notes 15 and 16.

18. See *supra* notes 15 and 16.

19. Tolling of limitations is the direct consequence of the merger of law with equity. When equity and law became merged into a single system tolling came to be accepted as part of statutory limitations. Our jurisprudence has never required statutory authorization for tolling. Rather, tolling's availability has been used to alter the incidence of limitations. See compensation-law jurisprudence *supra* note 9. This view represents the time-honored dichotomy of right and remedy.

20. See extant jurisprudence, *supra* note 9.

trine into the compensation law jurisprudence. **Today's call for a change is the first ever made.**

¶ 12 The purpose of statutory construction is to provide judicial elucidation for the legislative text whose meaning appears less than clear or certain because it is capable of more than one interpretation.[21] Even when in its statutory construction the court uses tools of common-law derivation to remove from the text the uncertainty tendered for settlement, the judicial product of clarification is never considered as part of the state's common law but rather as her statutory law—part and parcel of the legislative enactment's text whose meaning underwent the court's construction.[22]

¶ 13 In short, the equitable doctrine of tolling remedial time bars by respondent's conduct does not inject an extrastatutory element into the corpus of compensation law. The tolling doctrine need not be included in the text of every statutory remedial time bar because it has been a part of the law since the merger of law and equity. A court opinion that places a meaning upon statutory language becomes *ipso facto* and *eo instante* a part of the statutory text and takes effect simultaneously with the statute's effectiveness. Absent a contrary expression in the body of the Workers' Compensation Act, the very same rule of construction will always be applied to all aspects of compensation law's remedial time limits.

**B.**

### *The Court's Transformation Of A Statutory Time Bar From Its Remedial Status Into A Condition Upon The Exercise Of A Right Cannot Be Validly Performed By Drawing Its Needed Authority From Legislative Vacuum*

¶ 14 Tolling[23] is an inseparable ingredient of every time bar that affects merely the remedy but not the right.[24] It is built into the concept of the Anglo–American law's remedial time limit because limitations are purely procedural in nature rather than of substantive-law character.[25] **The Legislature is hence not called upon to recodify, reenact and recompile the law of tolling every time it enacts a new remedial time bar.** Whenever the Legislature enacts a remedial time bar it includes in it *sub silencio* the law's attributes of tolling.

¶ 15 To remove tolling benefits from a remedial time bar the Legislature must explicitly indicate that its bar is to be construed as a condition upon the exercise of a right rather than as a procedural bar of time. Once tollable quality is removed from a remedial time bar, as it is done by today's construction, the bar of that statute becomes judicially transformed from one that is remedial to another that stands as a condition upon the exercise of a right.

¶ 16 The attributes of tolling inhere in the remedial time bars of §§ 43(A) and 43(C), which govern distinct applications of compen-

---

**21.** 2A Sutherland Statutory Construction § 46:4, p. 179 (7th ed.) (a statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses).

**22.** See extant Oklahoma jurisprudence, *supra* note 11.

**23.** " 'Tolling' is a term of art which refers to the temporary suspension of statutory time bar for bringing a suit because of either some 'disability' on the part of the plaintiff which prevents that person from commencing the action or some activity on the part of the defendant forestalling prosecution of the claim against the defendant." See *Thompson v. Anchor Glass Container Corp., supra* note 6, at ¶ 7 n. 13, 73 P.3d at 838, citing Black's Law Dictionary, p. 1334 (5th ed.1979) at 1334, which defines the verb "to toll" as meaning: "To suspend or stop temporarily as the statute of limitations is tolled during the defen-

dant's absence from the jurisdiction and during the plaintiff's minority."

**24.** *Id.*

**25.** Oklahoma jurisprudence has been faithful to this distinction since statehood. See *Kerley v. Hoehman*, 1916 OK 1062, 74 Okla. 299, 183 P. 980, where we first recognized the English-law distinction between time bars that operate on the remedy and those which operate on rights. **Only one jurisdiction known to me approves of intermixing the two distinct time bars.** See *Wenke v. Gehl Co.*, 274 Wis.2d 220, 682 N.W.2d 405 (2004), which we rejected in *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, 2009 OK 14, —— P.2d ——, 2009 WL 532390, as aberrational. *Wenke* is a rare departure from the Anglo–American jurisprudence.

sation limitations. The court's opinion (a) **dichotomizes** the tolling of compensation law's limitations into separate rubrics—one that applies to proceedings upon the initial claim and another which applies to proceedings for the reopening of a claim and (b) **imposes a distinction** never before in existence, (c) which **operates here to repeal** § 43(C) as a procedural statute of limitations **and to substitute in its place** a condition upon the exercise of a right.[26]

¶ 17 Today's transformation of the statutory time bar for reopening from its remedial status into that of a repose statute cannot be rested on legislative vacuum. Sans clear and express statutory language, judicial construction of a statute is powerless to erase from the body of state law the benefit of tolling by authorized medical treatment. **Judicial fiat will not obliterate over three quarters of a century of Oklahoma jurisprudence that places its approval on tolling of the reopening time bar by employer-paid medical treatment. The judiciary is simply unable to jump that tall a hoop without solid support from clear and express statutory text.**

¶ 18 In short, the transformation accomplished by today's opinion under the verbal cover of construction brings about a change of statutory meaning by a device external to the text of the legislation—a change accom-

plished utterly without support of language used by the lawmaking authors. **There is neither jurisprudential support nor legislative authority for today's *ipse dixit*.**[27]

### C.

### *The Court's Pronouncement Impermissibly Dichotomizes A Single Class of Workers' Compensation Limitations Into Subclasses And Strips Of Tollable Quality One of the Protected Subclasses In Violation of the Uniformity Mandate in Art. 5 § 46, Okl. Const.*

¶ 19 A statute offends the mandated statewide uniformity requirements in Art. 5 § 46, Okl.Const,[28] when it targets for disparate treatment less than a whole class embraced within one of that section's prohibited subjects.[29] The strictures of § 46 absolutely prohibit the Legislature from regulating limitations by special or local law.[30] This court's own jurisprudence, no less than the Legislature's enactments, must faithfully conform to the fundamental law's prohibition against passage of disuniform laws on prohibited subjects.[31] Remedial time bars are one of the prohibited subjects.

¶ 20 The court impermissibly dichotomizes today the compensation law's remedial time limits into subclasses—one for limitation that governs the initial claim (§ 43(A)) and the

**26.** For an interesting discussion about the effect of a French-law prescription (limitation) upon rights and remedies, see *Wood & Selick v. Compagnie Generale Transatlantique*, 43 F.2d 941 (2nd Cir.1930). Even in the Roman-law system, it is at times difficult to assess the effect of a time bar on the right.

**27.** *Ipse dixit* is defined by Black's Law Dictionary, p. 743 (5th ed.1979), as "a bare assertion resting on the authority of an individual."

**28.** The terms of Art. 5, § 46, Okl. Const., provide:

The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
\* \* \*
For limitation of civil or criminal actions....

**29.** *Reynolds v. Porter, supra* note 5, at ¶¶ 13–21, 760 P.2d at 821–24.

**30.** Special laws are those which single out less than an entire class of similarly affected persons

or things for different treatment. If a rule of law is special, § 46 absolutely and unequivocally prohibits its passage as law. *Reynolds v. Porter, supra* note 5, at ¶¶ 13–21, 760 P.2d at 821–24. In *Porter* the court held that making a statute of limitations applicable only to one tort—*i.e.*, singling out one tort for a different limitation from that which is applicable to other torts of the same rubric—violates Art. 5 § 46, Okl. Const., because it provides disuniform procedures for a tort of like attributes. See also *Maule v. Independent School Dist. No. 9*, 1985 OK 110, ¶ 12, 714 P.2d 198, 203 n. 30; *Great Plains Federal S & L Assn. v. Dabney*, 1993 OK 4, ¶ 2, 846 P.2d 1088, 1095–96 (Opala, J., concurring); *Wagnon v. State Farm Fire and Casualty Co.*, 1997 OK 160, 951 P.2d 641, 647–648 (Opala, J., concurring).

**31.** *Johnson v. Tony's Town Mister Quik*, 1996 OK 138, ¶ 5, n. 10, 915 P.2d 355, 357–58; *Haynes v. Tulsa Public Schools Transit*, 1994 OK 86, ¶ 5, 879 P.2d 128, 131 (Opala, J., concurring); *Great Plains Federal S & L Assn. v. Dabney*, 1993 OK 4, ¶ 2, 846 P.2d 1088, 1095–96 (Opala, J., concurring).

other for time bars that govern reopening proceedings (§ 43(C)). The former subclass is subject to tolling whereas the latter has been stripped of its tollable quality, all without any statutory authority. The court's construction of § 43(C) operates to convert the reopening limitations into a separate and special substantive-law time bar which stands proscribed by the fundamental law's mandate against disuniform laws on prohibited subjects.

¶ 21 **In sum, remedial limitation is a subject explicitly protected from invasion by disuniformity created either by the Legislature or by the courts.** By depriving compensation claimants of tollability benefits for § 43(C) reopening claims, the court singles out a subclass of compensation claims for a less favorable treatment than that accorded other claims in violation of the State's fundamental law.

## IV

### SUMMARY

¶ 22 Until the Legislature expressly declares otherwise, all workers' compensation time bars must be regarded as remedial. When a compensation claim stands barred by lapse of time prescribed by a remedial statute, its viability may be restored by an act of tolling that occurs **even after** the limitation period has expired. But if the expired time bar affects the very right to be vindicated by the claim rather than merely the remedy, after expiration of the time bar the right becomes forever extinguished and no act of tolling will ever resurrect it.[32]

¶ 23 Extant jurisprudence has long recognized that the employer's voluntary payment for a claimant's medical care is a conscious recognition of liability which operates to erase the expiration of the remedial time bar and to restart the limitations period. **That jurisprudential gloss on limitations is part and parcel of the workers' compensation law, which stands legislatively unchanged and untouched by the terms of 85 O.S.Supp.2005 43 (C).** Legislative intent to

withdraw this court's prior construction from some aspects of the workers' compensation law cannot be deduced from mere statutory silence. The claimant's reopening application was timely because the limitation period came to be restarted by the employer's voluntary payment for claimant's medical care **after** the applicable limitation period had expired.

¶ 24 I would vacate the trial tribunal's order and remand the cause for further proceedings on claimant's application to reopen his claim on a changed condition for the worse.

---

**32.** *Hiskett v. Wells, supra* note 5, at ¶ 0 syl. 1, 351 P.2d at 304; *Atlas Coal Co. v. Corrigan, supra* note 9, at ¶ 0 syl. 2, 296 P. at 963.